**Margaret BOYLE, Plaintiff,**

v.

**BOSTON FOUNDATION, INC. and Anna Faith Jones, Defendants.**

**Civ. A. No. 90–12648–N.**

United States District Court,
D. Massachusetts.

April 13, 1992.

---

Kevin G. Powers, Boston, Mass., for plaintiff.

Arthur W. Young, III, Gary J. Oberstein, Hutchins & Wheeler, Boston, Mass., for defendants.

## ORDER

DAVID S. NELSON, District Judge.

Plaintiff has filed suit alleging age discrimination in violation of federal (Count I) and state (Count II) law. She also brought state law claims of intentional interference with contractual relationships (Count III) and intentional infliction of emotional distress (Count IV). The matter was referred to Magistrate Judge Collings for a recommendation on the defendants' motion for partial summary judgment on Count II and motion to dismiss Counts III and IV.

On January 27, 1992, in a Report and Recommendation (the "Report"), Magistrate Judge Collings issued his findings on each motion. As to Count II, the magistrate judge found that the defendant Boston Foundation, as a charitable organization, had limited liability. He recommended that partial summary judgment be granted to the defendant Boston Foundation to the extent that the possible recovery be limited to $20,000 exclusive of interests and costs. As to Count III, Magistrate Judge Collings found that the grounds presented by the defendant Anna Faith Jones ("Jones") were insufficient to warrant dismissal pursuant to Fed.R.Civ.P.

12(b)(6). He recommended denial of the motion to dismiss Count III. As to Count IV, although presented as a motion to dismiss, the magistrate judge treated the matter as a motion for summary judgment. He found no factual dispute that the acts which formed the basis of the complaint were conducted in the course of the employment. Therefore, recovery was limited to the remedies provided by the Workmen's Compensation Act. Magistrate Judge Collings recommended that summary judgment be granted to defendant Jones on Count IV.

Having reviewed the magistrate's recommendations, as well as the submission of the parties, and there being no opposition thereto, this court agrees with the magistrate judge's Report as to each count. Accordingly, this court ALLOWS and ADOPTS the findings and recommendations of the magistrate judge. Therefore, partial summary judgment is GRANTED to defendant Boston Foundation on Count II to the extent that the possible recovery is limited to $20,000 exclusive of interests and costs. Defendant Jones' motion to dismiss Count III is DENIED. Count IV is treated by this court as a motion for summary judgment and summary judgment is GRANTED to defendant Jones on that claim.

SO ORDERED.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT II AND TO DISMISS COUNTS III AND IV (# 10)

COLLINGS, United States Magistrate Judge.

### INTRODUCTION

In her Complaint (# 1), the plaintiff, Margaret Boyle (hereinafter, "Boyle"), brings claims under the federal statute prohibiting age discrimination (Count I) and the state antidiscrimination statute, M.G.L.A. Chapter 151B (Count II) against the Boston Foundation. She also asserts claims under state law of interference with contractual relationships (Count III) and intentional infliction of emotional distress (Count IV) against Anna Faith Jones (hereinafter, "Jones"). Jones is alleged to be President and CEO of the Boston Foundation.

In their motion for partial summary judgment and dismissal, the Boston Foundation seeks summary judgment as to any claims for damages in Count II exceeding $20,000 pursuant to M.G.L.A. Chapter 231, § 85K and Jones seeks dismissal of Counts III and IV in their entirety.

The motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### DISCUSSION

Boyle was employed by the Boston Foundation until 1989 at which time she was sixty-two years of age. Jones had been her supervisor until 1989. Boyle resigned on August 11, 1989; she alleges that she was compelled to resign because of harassment by Jones which was motivated by Boyle's age.

■ The Boston Foundation is a public charity organized under M.G.L.A. Chapter 180. As such, it claims that recovery against it on the state discrimination claim is limited to $20,000 in the aggregate pursuant to M.G.L.A. Chapter 231, § 85K. This argument is meritorious and not seriously opposed by Boyle at least on the current state of the law. I shall recommend that the motion be allowed to the extent that recovery on Count II be limited to $20,000 exclusive of interest and costs.

■ The claim against Jones in Count III that Jones intentionally interfered with contractual relations concerns the contract of employment between Boyle and her employer, the Boston Foundation. The elements of this tort under Massachusetts law are: (1) that Boyle had a contract with a third party, i.e., the Boston Foundation, (2) Jones knowingly and improperly induced a third party, i.e., the Boston Foundation, to break the contract, and (3) Boyle was harmed by Jones' actions. *United Truck Leasing Corp. v. Geltman,* 406 Mass. 811, 812, 551 N.E.2d 20, 21 (1990).

Jones argues first that since Boyle resigned from her employment, the Boston Foundation did not break the contract and, therefore, Boyle is unable to prove as essential element of the tort, i.e., that the Boston Foundation breached its contract with her. Second, Jones asserts that as President and chief executive officer of the foundation, she at all times acted for the foundation. Accordingly, she argues that as to her, the foundation is not a third party and, therefore, Boyle's claim fails for failure to state a claim.

■ With respect to the first point, Boyle responds that it is not a necessary precondition to liability that interference be such as to cause the third party, in this case the Boston Foundation, to break the contract. Rather, Boyle contends that liability can attach if the wrongdoer, i.e., Jones, interfered with the contract between Boyle and the Boston Foundation in such a way as to prevent her (Boyle) from performing the contract or causing her (Boyle's) performance to be more burdensome. *See* Restatement of Torts, § 766A. Jones responds that this variant of the tort has never been recognized in Massachusetts. However, Jones cites no case or authority indicating that if faced with the question, the Supreme Judicial Court would not approve of this variant of the tort.

I note that there is certainly a hint in the case of *Anzalone v. Massachusetts Bay Transportation Authority*, 403 Mass. 119, 526 N.E.2d 246 (1988) that intentional acts by a supervisor which caused an employee to resign would be sufficient to state a claim of intentional interference. Anzalone's problem was that at the time he brought the suit, he was still employed by the MBTA. The Court wrote:

Anzalone's complaint does not allege that he was terminated, or that he separated from, or resigned from the MBTA. There is no allegation of any "loss of advantages, either of property or of personal benefit, which, but for [the supervisor's] interference, the plaintiff would have been able to attain or enjoy." *Walker v. Cronin, supra* [107 Mass. 555] at 565 [1871]. Because Anzalone's complaint failed to allege any actual damage or loss, the judge properly dismissed the claim against [the supervisor].

*Anzalone v. Massachusetts Bay Transportation Authority, supra*, 403 Mass. at 123, 526 N.E.2d at 249 (emphasis supplied).

Accordingly, I do not think that Jones' first ground for dismissal of Count III is meritorious.

■ In support of her second argument to dismiss Count III, Jones cites the following dicta from the opinion of the Appeals Court in *Schinkel v. Maxi–Holding, Inc.*, 30 Mass.App.Ct. 41, 50, 565 N.E.2d 1219, 1225 (1991) in which the Court wrote:

The fourth count seems to set out a claim for relief only against Cederberg implicitly (and correctly) recognizing that Maxi cannot be guilty of tortious interference with its own contract. See *Gram v. Liberty Mutual Insurance Co.*, 384 Mass. 659, 663 n. 3, 429 N.E.2d 21 (1981); *Riseman v. Orion Research Inc.*, [394 Mass.] 311, 314, 475 N.E.2d 398 (1985). Conceivably, one in the position of chief executive officer, such as Cederberg, might be so closely identified with the corporation itself, and with its policies, that he should not be treated as a third person in relation to corporate contracts, susceptible to charges of tortious interference when he causes the corporation to breach its contractual obligations. The point is not argued, however, and should not be considered in any event on the bare allegations of the complaint. Compare *Bishara v. Brown, Daltas & Assocs*, 21 Mass.App.Ct. 941, 943–4, 486 N.E.2d 761 (1985).

While the problem discussed in the *Schinkel* case is certainly of interest, the Court's language cannot support a motion to dismiss, especially since that the Massachusetts Appeals Court itself had earlier held that an officer of a corporation may be liable for interfering with an employment contract between an employee and the corporation. *Steranko v. Inforex*, 5 Mass. App. 253, 272–3, 362 N.E.2d 222, 235–6 (1977). In these circumstances, dismissal is not warranted.

In sum, I shall recommend that the motion to dismiss Count III be denied.

In Count IV, Boyle charges Jones with intentional infliction of emotional distress. Jones claims that any acts which form the basis of this claim occurred within the scope of Boyle's employment, and, therefore, recovery is limited to the remedies provided by the Workmen's Compensation Act.

"[A] suit for an intentional tort in the course of the employment relationship is barred by the exclusivity provision of the Workmen's Compensation Act ..." *Anzalone v. Massachusetts Bay Transportation Authority, supra,* 403 Mass. at 124, 526 N.E.2d at 249 citing *Foley v. Polaroid Corporation,* 381 Mass. 545, 550, 413 N.E.2d 711 (1980). However, "... an employee is not barred from bringing an action against a fellow employee who commits an intentional tort which 'was no way within the scope of employment furthering the interests of the employer.'" *Anzalone v. Massachusetts Bay Transportation Authority, supra,* 403 Mass. at 124, 526 N.E.2d at 249 citing *O'Connell v. Chasdi,* 400 Mass. 686, 690, 511 N.E.2d 349 (1987). *See also Tenedios v. Wm. Filene's Sons Co., Inc.,* 20 Mass.App.Ct. 252, 479 N.E.2d 723 (1985).

Thus, the issue is plainly drawn—were Jones' acts which form the basis of the intentional tort against Boyle within the scope of her employment furthering the interests of her employer, the Boston Foundation?

This being the issue, it is strange that Jones seeks to dismiss Count IV rather than seeking summary judgment. In resolving the issue, the Court plainly has to refer to pleadings beyond the complaint. The question then becomes whether the motion to dismiss Count IV should be converted to a motion for summary judgment, and if so, has Boyle received "... reasonable opportunity to present all material made pertinent to such motion pursuant to Rule 56." Rule 12(b), Fed.R.Civ.P.

In my judgment, the motion should be treated as one for summary judgment and Boyle has received adequate opportunity to present pertinent material. All of the facts relating to this issue are before the Court, and Boyle has not made any argument that the Court should not decide the issue on the basis of what has been presented.

 After a review of all the materials in the light most favorable to Boyle, I am convinced that the undisputed facts reveal that the acts allegedly perpetrated by Jones which constitute the tort were done in the course of the employment relationship and furthered the interests of the employer. There is simply no evidence to the contrary.

Boyle does not seem to dispute the conclusion that the acts were done in the course of the employment. Rather, she argues that the acts are alleged to have been acts of unlawful discrimination and thus could not have been in furtherance of the employer's interest. Put another way, her position is that if the motive for the intentional infliction of emotional distress is an illegal one, such as age discrimination, the Workmen's Compensation Act will never bar the suit against the offending officer or employee.

No case is cited for this proposition, and I do not believe it is meritorious. While the motive of the offending party may be relevant in determining the question of scope of employment, as in the case of *O'Connell v. Chasdi, supra,* an illegal motive will not automatically bring an intentional tort claim out of the class of those torts barred by the Workmen's Compensation Act. The key remains whether the acts of the offending employer or agent were in the course of the employment relationship and purportedly in furtherance of the employer's interest. There is no factual dispute that in this case they were. If the acts constituted age discrimination, an action may be brought under federal and state statutes against both the employer and any agent of the employer who perpetrated the acts, and such an action is not barred the Workmen's Compensation Act.

Accordingly, I shall recommend that summary judgment be granted to Jones on Count IV of the Complaint.

## RECOMMENDATIONS

I RECOMMEND that partial summary judgment be granted to the defendant Boston Foundation on Count II to the extent that the possible recovery be limited to $20,000 exclusive of interests and costs. I RECOMMEND that the motion to dismiss Count III pursuant to Rule 12(b)(6), Fed. R.Civ.P., be DENIED. I RECOMMEND that the motion to dismiss Count IV be treated as a motion for summary judgment, and that summary judgment be granted to the defendant Jones on Count IV.

The file is RETURNED to the Clerk's Office.

## REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and these recommendations must file a written objection thereto with the Clerk of this Clerk within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).