Travers, J.
This matter is before the court on Defendants’ Joint Motion for Summary Judgment. Plaintiffs Carol Skelton (“Skelton”) and Gerald Skelton brought this action against defendants, the Town of Templeton, Dana Putnam, Gladys Salame, Mary Bourgeois, Joseph Cassie, Ida Beane and Ann Marie Page (collectively “Templeton”), for tortious interference with contractual relations, wages owed, handicap discrimination, aiding and abetting in handicap discrimination, breach of contract and loss of consortium. Defendants claim plaintiffs’ action is barred under M.G.L.c. 152, the workers’ compensation statute, due to payment Skelton received from a prior settlement. For the following reasons, defendants’ motion is ALLOWED.
BACKGROUND
This action arises out of Skelton’s claim that defendants intentionally engaged in conduct to harass her and cause her to quit her job. Skelton held the appointed position of Administrative Assistant to the Town of Templeton. Her latest appointment was voted to run from July 1, 1992 through June 30, 1995.
Skelton was incapacitated from work because of depression which she alleges was caused by defendants’ conduct, her fellow employees’ persecution and her employer’s unwillingness to intervene on her behalf. Her incapacitated state lasted from November 8, 1993 through about April 4, 1994. At that time, Skelton’s treating professionals opined that she had fully recovered and could return to work provided that accommodations were made to prevent further such conduct which the professionals warned would likely cause a re-injury. Skelton used accrued sick time and vacations from November 8, 1993 until March 1994, whereupon she went without her salary. The Town did not make any accommodations when Skelton attempted to return to work in February 1995. Due to the defendants’ conduct at her workplace, Skelton became ill again and her treating professionals advised her not to return to work. Skelton has thus remained out of work since February 27, 1995.
Skelton filed a workers’ compensation claim on or about May 16, 1994, seeking workers’ compensation benefits for the period November 8, 1993 through her time of recovery, April 4, 1994. Skelton ultimately released her workers’ compensation claim for a lump sum settlement (the “Settlement”) in an amount specifically compensating her for the periods of incapacity from November 8, 1994 through April 4, 1994 and from February 13, 1995 through May 15, 1995.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, *475 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions or disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Skelton argues under M.G.L.c. 152, §48(5)[3] that her acceptance of the Settlement does not bar this action for tortious interference with contractual relations, wages owed, handicap discrimination, aiding and abetting in handicap discrimination, breach of contract and loss of consortium. Templeton argues that M.G.L.c. 152, §23 (the “exclusivily provision”)[4] and §24[5] precludes recovery for these claims.
Generally, civil actions against employers and fellow employees are barred because the remedies of the workers’ compensation statute are exclusive. St. Germaine v. Pendergast, 411 Mass. 615, 624 (1992) (spouses, children and parents barred from recovering for lack of consortium by exclusivity provision in workers’ compensation statute); Boyle v. Boston Foundation, Inc., 788 F.Supp. 627, 631 (D.Mass. 1992) (intentional infliction of emotional distress claim precluded by exclusivity provision even though alleged wrongdoer coworker may not have been acting in furtherance of employer’s interest); M.G.L.c. 152, §23. Where employees have not reserved their rights of action pursuant to M.G.L.c. 152, §24, moreover, suits for intentional torts arising out of employment relationships are also barred. Anzalone v. Massachusetts Bay Transp. Authority, 403 Mass. 119, 124 (1988).
The key to whether M.G.L.c. 152 precludes a common law right of action lies in the nature of a plaintiffs injury rather than in the nature of a defendant’s act. Catalano v. First Essex Savings Bank, 37 Mass. App. 377, 380 (1994). A claim against a fellow worker will only be barred by the exclusivity provision if committed within the course of the worker’s employment and in furtherance of the employer’s interest. Catalano, supra at 381; but see Boyle, supra at 631. Accordingly, for claims involving sexual harassment, courts have created an exception to the general rule of enforcing the exclusivity provision. See O’Connell v. Chasdi, 400 Mass. 686, 689-91 (claims against coworker for torts arising from alleged sexual harassment not barred by exclusivity provision); College-Town, Division of Interco, Inc. v. Massachusetts Commission Against Discrimination, 400 Mass. 156, 162 (1987) (employer liable for sexual harassment claims against one of its supervisors regardless of the exclusivity provision).
In the present case, Skelton received the Settlement and there is no evidence that she reserved her rights under M.G.L.c. 152, §24. Neither do her claims arise out of alleged sexual harassment. In fact, Skelton’s claims are virtually identical to those properly dismissed under the exclusivily provision in Catalano v. First Essex Savings Bank, where an employee claimed that emotional disability arose out of daily harassment by coworkers. See Catalano, supra at 378-81. Skelton’s claims are likewise barred, as is Gerald Skelton’s claim for loss of consortium. Defendants are therefore entitled to judgment.
ORDER
For the foregoing reasons it is hereby ORDERED that the motion for summary judgment of defendants is ALLOWED on all counts.

Massachusetts General Laws Chapter 152 §48(5) provides, in relevant part:
No lump sum agreement shall be approved which contains as part of a settlement a general or specific release that would serve as a bar to (i) employment with any employer, (ii) the receipt by the employee of any pay or benefits due him by an employer, (iii) the bringing of any future workers’ compensation claim or (iv) the bringing of any claims or wrongful discharge or breach of contract.

Massachusetts General Laws Chapter 152, §23 provides, in relevant part:
If an employee accepts payment under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.

Massachusetts General Laws Chapter 152, §24 provides, in relevant part:
An employee shall be held to have waived his right of action at common law... in respect to an injury that is compen-sable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such a right. . .