EDWARD P. FOLEY & another[1] *vs.* POLAROID CORP.

Middlesex. February 6, 1980. — September 9, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Emotional distress, Action by spouse or child. *Husband and Wife,* Consortium.

A plaintiff whose employment was terminated while criminal charges were pending against him and who was subsequently reinstated to his former pay status, given back pay and three weeks' paid vacation was an employee within the meaning of G. L. c. 152 at all times relevant to his claim of injury as a result of the employer's tortious conduct. [549]

An employee's claim against his employer for intentional infliction of mental distress was compensable under G. L. c. 152, § 26, and the employee's common law action for such injury was, therefore, barred by the exclusivity provision of c. 152, § 24. [549-550]

An employee's claim against his employer for defamation was not compensable under G. L. c. 152, § 26, and was, therefore, not barred by the exclusivity provision of c. 152, § 24. [551-552]

An employee's claim against his employer for malicious prosecution was not compensable under G. L. c. 152, § 26, and was, therefore, not barred by the exclusivity provision of c. 152, § 24. [552-553]

An employee's claim against his employer for violation of his civil rights was not compensable under G. L. c. 152, § 26, and was therefore, not barred by the exclusivity provision of c. 152, § 24. [553]

A claim for loss of consortium by the wife of an employee against her husband's employer was not barred by the provisions of G. L. c. 152. [553-554] HENNESSEY, C.J., QUIRICO, J., and WILKINS, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on September 26, 1978.

The case was heard by *Young,* J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

[1] Mary Foley, wife.

*Robert Emmet Dinsmore* for the plaintiffs.

*Samuel Hoar* for the defendant.

LIACOS, J. The plaintiffs Edward P. Foley and Mary Foley filed a complaint in the Superior Court for Middlesex County, alleging injury as a result of certain tortious conduct of the defendant, Polaroid Corporation. The defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 755 (1974). A judge of the Superior Court granted the defendant's motion, and the plaintiffs appealed to the Appeals Court. We transferred the case here on our own motion.

We summarize the facts as set forth in the plaintiffs' complaint. Edward P. Foley was hired by the defendant corporation on December 13, 1965, as a lead computer operator on the midnight to 8 A.M. shift. On June 11, 1976, the defendant received a complaint from another employee who worked on the midnight to 8 A.M. shift, stating that Edward Foley had assaulted and raped her during working hours. Foley and the employee who filed the complaint had a prior history of conflict and were, at the relevant time, in a competitive posture, each seeking a promotion to the same position. The defendant conducted a private investigation of the complaint during which, the plaintiffs say, defendant went beyond the scope of investigation to the point of instigating the filing of a criminal complaint against Edward P. Foley. On June 28, 1976, the alleged victim filed criminal charges in the Waltham District Court. On or about August 6, 1976, Foley was indicted on charges of rape and assault. There is some confusion whether Foley was sent home from work prior to or subsequent to being indicted,[2] but, in any event, it is alleged that he was told not to return to work until further notice.

---

[2] The plaintiffs allege in their complaint that on or about July 1, 1976, Edward Foley was notified of the termination of his employment at Polaroid and promised reinstatement if cleared of the criminal charges. In the plaintiffs' statement of facts contained in their brief, it is alleged that Polaroid placed Foley on a "forced leave of absence and/or fired him without pay effective August 12, 1976."

On June 11, 1977, Foley was tried and acquitted of both charges. The plaintiffs allege that the defendant withheld information that it had acquired during its private investigation of the charges and counseled employees not to testify on behalf of Foley at his trial. The plaintiffs assert that the actions of the defendant in relation to the charges of rape and assault caused Edward Foley to be held up to ridicule and scorn and damaged his reputation. They further assert that he suffered emotional and physical distress.

Shortly after Foley was acquitted, officers of the defendant corporation expressed regret over his ordeal and agreed to return him to pay status. Additionally, Foley received back pay in the amount of $22,024.94, and was given three weeks' paid vacation. When Foley returned to work he was assigned to the defendant's Needham facility instead of being placed in his former position at the Waltham facility. Foley alleges that he was given a desk but was assigned no work. On or about November 15, 1977,[3] Foley took a medical leave of absence from work due to his emotional and physical distress and injury. When he returned to work in February, 1978, he was reinstated in his former position at the Waltham facility.

The plaintiffs contend that the defendant has caused Edward Foley to suffer severe emotional distress and physical injury, to be maliciously prosecuted, to have his reputation injured, and to have his civil rights violated. The plaintiffs further claim that the defendant has caused damage to Mary Foley's marital relationship with her husband which has resulted in a loss of consortium.

The defendant corporation argues that the plaintiffs' alleged injuries are compensable under the Massachusetts Workmen's Compensation Act, G. L. c. 152, § 1, et seq., and that the act provides an exclusive remedy. See G. L. c. 152, §§ 23-24. It asserts that Edward Foley was an

---

[3] The plaintiffs allege in their complaint that Foley left work "[o]n or about November 15, 1977." In the statement of facts contained in their brief, they allege that Foley left work "about December 18, 1977."

employee of the defendant at the time of his alleged injuries; that his injuries arose "out of and in the course of" his employment; and that his injuries constitute a "personal injury" within the meaning of the compensation act. G. L. c. 152, § 26. See *Albanese's Case,* 378 Mass. 14 (1979); *Fitzgibbons's Case,* 374 Mass. 633 (1978). The defendant argues that both Edward Foley's action in tort and Mary Foley's action for loss of consortium are barred under the compensation act and that its motion to dismiss in the Superior Court for lack of jurisdiction over the subject matter was properly granted.

We note at the outset that the question whether the complaint sets forth sufficient facts to sustain causes of action for intentional infliction of mental distress, malicious prosecution, defamation, a violation of civil rights, and loss of consortium, is not before us. The method for testing the sufficiency of the complaint is by a motion to dismiss in the Superior Court for failure to state a claim for which relief can be granted, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). No such motion was filed below, and we consider only whether the motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), was properly granted.

The defendant's motion to dismiss was properly granted if the plaintiffs' claims are barred under the exclusivity provision of the Workmen's Compensation Act, G. L. c. 152, § 24, as amended through St. 1955, c. 174, § 5. That provision states in pertinent part: "An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." Edward Foley does not assert that he gave the defendant notice of his rights under the compensation act, but rather that his injury is not covered under the act. Common law actions are barred only where: the plaintiff is shown to be an employee; his condition is shown to be a "personal in-

jury" within the meaning of the compensation act; and the injury is shown to have arisen "out of and in the course of . . . employment." G. L. c. 152, § 26. See *Ferriter* v. *Daniel O'Connell's Sons, ante* 507, 523 (1980), citing *Pinnick* v. *Cleary,* 360 Mass. 1, 21-22 (1971); see also L. Locke, Workmen's Compensation § 651, at 763 (1968).

We first address the plaintiffs' argument that at the time their injuries were sustained by virtue of the defendant's conduct, Edward Foley was not an employee of the defendant corporation. While the plaintiffs are certainly correct that one must be found to be an employee before compensation may be had under the act (*Harvey's Case,* 295 Mass. 300 [1936]), we conclude the complaint alleges that Foley was, in fact, an employee at all relevant times. The complaint alleges that "while the criminal cases were still pending against the plaintiff, the defendant . . . notified the plaintiff of his termination as an employee with the defendant corporation, that he would no longer be carried on the payroll and promised that if he were cleared of the criminal charges pending against him . . . he would be returned to his former position." The complaint further alleges that shortly after Foley was acquitted, the defendant "agreed to return the plaintiff to pay status, compensate the plaintiff for back-pay, which was lost during his ordeal, and allowed the plaintiff immediately three weeks vacation with pay." These allegations are inconsistent with the plaintiffs' argument before this court that there was a severance of the employment relationship. Lack of employee status is refuted by the plaintiffs' admission that Foley accepted back pay and a three-week paid vacation following his absence. There is, of course, no basis for a "lack of employee status" argument with respect to injury allegedly suffered before and after Foley's physical absence from the defendant's place of business.

We now consider each of the plaintiffs' claims separately to determine whether relief is sought for injury which would be compensable under the act as a "personal injury arising out of and in the course of . . . employment." G. L.

c. 152, § 26. With respect to the claim for intentional infliction of mental distress, the employee recognizes that in *Fitzgibbons's Case*, 374 Mass. 633 (1978), we held that emotional distress arising out of employment was a personal injury under the act. However, the employee attempts to distinguish *Fitzgibbons's Case* on the ground that his emotional distress, unlike that in *Fitzgibbons's Case*, resulted from the employer's conduct. Such a distinction is not viable in light of this court's recent decision in *Albanese's Case*, 378 Mass. 14 (1979). Albanese was a supervisory employee who alleged that the plant manager was intentionally attempting to undermine his relationship with the workers. Albanese claimed that as a result of several humiliating incidents, he suffered a debilitating mental and emotional injury. This court held that Albanese was entitled to workmen's compensation for his disability. We stated, "[I]f an employee is incapacitated by a mental or emotional disorder causally related to a series of specific stressful work-related incidents, the employee is entitled to compensation." *Albanese's Case, supra* at 14-15. *Albanese's Case* and *Fitzgibbons's Case* make it clear that recovery may be had under the compensation act for injuries of a mental or emotional nature. "'There is no valid distinction which would preclude mental or emotional disorders caused by mental or emotional trauma from being compensable.'" *Albanese's Case, supra* at 17, quoting from *Fitzgibbons's Case, supra* at 638. *Albanese's Case* also makes it clear that recovery may be had under the compensation act when such an injury results from specific incidents involving friction with coworkers over the implementation of company policy. We conclude that Foley's severe emotional distress resulting from the defendant's conduct relative to the charges of rape and assault is compensable under the act as a "personal injury arising out of and in the course of . . . employment." G. L. c. 152, § 26. Accordingly, no action for intentional infliction of mental distress may be maintained, and the motion to dismiss was properly granted with respect to this claim. G. L. c. 152, § 24.

We now turn to the employee's defamation claim to determine whether it is a claim for injury which is compensable under the act. It has long been recognized by this court that the general term "personal injuries" encompasses "wrongs which would not be personal injuries under the workmen's compensation act." *Madden's Case*, 222 Mass. 487, 492 (1916). *Madden's Case* cites the following as examples of such personal injuries which would not be compensable under the act: "injuries to reputation resulting from libel, *Thompson* v. *Judy*, 95 C. C. A. 51, 54 [1909], malicious prosecution and false imprisonment, *McChristal* v. *Clisbee*, 190 Mass. 120 [1906], invasion of the right to privacy, *Riddle* v. *MacFadden*, 201 N.Y. 215 [1911], as well as the alienation of affection of a husband or wife, seduction, false arrest and kindred tortious acts." *Madden's Case, supra* at 492. Cf. *Zygmuntowicz* v. *American Steel & Wire Co.*, 240 Mass. 421 (1922).[4]

We conclude that the employee's claim for injury to his reputation is not the type of personal injury contemplated by G. L. c. 152. In so concluding, we emphasize the lack of relation between the kind of injuries covered by the compensation act and the injury involved here. The act has been interpreted to encompass physical and mental injuries arising out of employment, whereas the gist of an action for

---

[4] In *Zygmuntowicz* v. *American Steel & Wire Co.*, 240 Mass. 421 (1922), a defendant-employer appealed from a jury verdict in favor of a plaintiff-employee, claiming, inter alia, that the judge erred in denying its motion for a directed verdict. This court affirmed the judge's denial of the defendant's motion for a directed verdict on so much of the complaint as alleged false imprisonment and arrest and malicious prosecution, and reversed the denial on so much of the complaint as alleged assault and battery. As to the assault and battery claim, we held that "the plaintiff's sole remedy for physical injury, if any, is under the workmen's compensation act." *Id.* at 423. The defendant in the case at bar cites *Zygmuntowicz* for the proposition that personal injuries resulting from deliberate or wilful acts of the employer are compensable under the act. We agree. See G. L. c. 152, § 28. However, an injury is not compensable under the act simply because it results from the wilful acts of an employer. The injury must also be "a personal injury arising out of and in the course of . . . employment" within the meaning of G. L. c. 152, § 26.

defamation is injury to reputation, irrespective of any physical or mental harm.  See Annot., Workmen's Compensation Provision as Precluding Employee's Action Against Employer For Fraud, False Imprisonment, Defamation or the Like, 46 A.L.R.3d 1279 (1972).  See also *Braman* v. *Walthall*, 215 Ark. 582 (1949) (employee's action for defamation); *Moore* v. *Federal Dep't Stores*, 33 Mich. App. 556, 558 (1971) (employee's action for false imprisonment).  We recognize the conceptual problem inherent in the employee's including physical and mental injury as elements of damage in the defamation claim.  However, we feel that to block the main thrust of this action because of peripheral items of damages, when a compensation claim could not purport to give relief for the main wrong of injury to reputation,[5] would be incongruous, and outside the obvious intent of the exclusiveness clause.  See 2A A. Larson, Workmen's Compensation § 68.33 (1976 & Supp. 1979).[6]

We now turn to the employee's claim for malicious prosecution.  The controlling argument must be that the essence of the tort is not physical or mental injury, but interference with the right to be free from unjustifiable litigation.  See W. Prosser, Torts § 119, at 834 (4th ed. 1971). Any physical or mental harm is incidental, and is not an indispensable ingredient of the tort.  See Larson, *supra* at § 68.31.  At this point the distinction between the employee's claims for malicious prosecution and defamation on the one hand, and intentional infliction of mental distress on the other hand, becomes clear: mental harm is the essence of the tort of intentional infliction of mental distress; it is an indispensable element of the tort.  It matters not that all three claims are

---

[5] Unlike damages in torts, compensation under the act "is by way of relief from inability to earn, or for deprivation of support flowing from, wages theretofore received by the employee." *Ahmed's Case*, 278 Mass. 180, 183 (1932).  See *Ferriter* v. *Daniel O'Connell's Sons, supra.* See also L. Locke, Workmen's Compensation § 9, at 11 (1968).

[6] Nothing said herein is intended as support for a theory of double recovery, both under the compensation act and in an action at law.  See G. L. c. 152, § 23.  Cf. G. L. c. 152, § 15.

based upon the same alleged conduct of the defendant for "the key to whether the Workmen's Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury." *Gambrell* v. *Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo. App. 1978).

We now consider the employee's claim that his civil rights have been violated. He offers neither a particularized description of this claim nor a legal basis for it. However, as we have previously indicated, we do not consider the sufficiency of the complaint to raise the claims asserted.[7] We hold only that the alleged violation of the employee's civil rights is not a "personal injury arising out of and in the course of . . . employment" which would be compensable under the act. We would, of course, be reluctant to hold that civil rights violations were a hazard of employment[8] in the Commonwealth.

Finally, we turn to defendant's argument that the claim of Mary Foley that the conduct of the defendant deprived her of her husband's society and companionship is barred by G. L. c. 152. We have resolved this question adversely to the defendant's contentions in *Ferriter* v. *Daniel O'Connell's Sons, supra* at 529-530. "The Workmen's Compensation Act does not bar the [wife's claim] for loss of consortium and society." *Id.* at 530.

---

[7] See text, *supra* at 548. We express no opinion as to whether the civil rights claim was properly dismissed for lack of subject matter jurisdiction, apart from the question of compensability under the Workmen's Compensation Act. We note that to the extent that the employee alleges a violation of his rights pursuant to G. L. c. 151B, § 4, he apparently failed to pursue his administrative remedies under G. L. c. 151B, § 9. To the extent that the employee seeks to avail himself of the remedies provided by G. L. c. 12, § 11I, inserted by St. 1979, c. 801, § 1, his complaint was filed prior to the effective date of that provision.

[8] The compensation act protects an employee only to the extent that his injury "arises out of the nature, conditions, obligations or incidents of the employment." *Caswell's Case*, 305 Mass. 500, 502 (1940).

The judgment of the Superior Court is affirmed to the extent that the complaint raises a claim for intentional infliction of mental distress, and reversed to the extent that the complaint raises claims for defamation, malicious prosecution, a violation of civil rights, and loss of consortium.

*So ordered.*

HENNESSEY, C.J. (dissenting in part). I would deny recovery to Mary Foley on her consortium claim arising out of the injury to her husband which was compensable under the Workmen's Compensation Act. On this issue, I agree with the reasoning of Justices Quirico and Wilkins in their separate opinions in the *Ferriter* case, *supra* at 530, 543.

QUIRICO, J. (dissenting in part). The court holds in the penultimate paragraph of its opinion that "[t]he Workmen's Compensation Act does not bar the [wife's claim] for loss of consortium and society." The holding was stated in language quoted in turn from the court's opinion of this same date in the case of *Ferriter* v. *Daniel O'Connell's Sons, supra*, at 553. I respectfully dissent from that holding for the same reasons on which I based my dissent from the same holding in the *Ferriter* case. *Supra* at 530 (Quirico, J. dissenting).

WILKINS, J. (dissenting in part). For the reasons stated in my dissent in *Ferriter* v. *Daniel O'Connell's Sons, supra* at 543 (Wilkins, J., dissenting), I would not permit Mary Foley to recover for the loss of her husband's society and companionship caused by any injury he sustained that was covered by the Workmen's Compensation Act.