**Douglas MILNER and Ann Milner, Plaintiffs,**

v.

**STEPAN CHEMICAL COMPANY, Defendant.**

**Civ. A. No. 83–1803–C.**

United States District Court, D. Massachusetts.

Dec. 28, 1984.

Eugene R. Geary, Geary & Geary, Lowell, Mass., for plaintiffs.

James L. Ackerman, Day, Berry & Howard, Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiffs, Douglas and Ann Milner, residents of Massachusetts, against Stepan Chemical Company (Stepan), a corporation organized under the laws of the state of Delaware and having its principal place of business in Illinois. Douglas Milner, a former employee of Stepan, seeks damages for injury allegedly resulting from defendant's intentional infliction of emotional distress. The matter comes before the Court on defendant's motion to dismiss plaintiff Douglas Milner's claims of intentional infliction of emotional distress for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Defendant asserts that these claims are barred by the Massachusetts Workmen's Compensation Act, M.G.L. c. 152, § 1 *et seq.*, which provides plaintiff's exclusive remedy.[1] Plaintiff contends, however, that the exclusivity provision of the Act does not apply to the type of injury which he alleges.

On August 13, 1980, while plaintiff was employed by Stepan at its Wilmington plant, he sustained a serious injury to his right hand in a job-related accident. He was immediately taken to Wilmington Health Center for treatment. When he returned to his workplace later that day, he was told by defendant's area supervisor, Howard Moorman, to come to work the following day. Moorman further advised plaintiff that he should not report the injury as an industrial accident, in order to preserve the company's safety record. The day after the accident, Moorman called plaintiff at his home and repeated these admonitions.

On August 19, 1980, plaintiff was admitted to Choate Hospital where he was to undergo surgery on his injured hand. While he was awaiting surgery, plaintiff received a telephone call from defendant's

---

1. M.G.L. c. 152, § 24 provides in pertinent part:
   An employee shall be held to have waived his right of action at common law ... to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right...
   Plaintiff does not allege that he ever gave defendant notice of his intent to preserve his common law right of action.

maintenance supervisor, Richard Cantwell, who asked plaintiff to call in sick throughout the period of his hospitalization and not to report his injury as an industrial accident. After he was released from the hospital, plaintiff continued to receive telephone calls of this nature from both Moorman and Cantwell. Plaintiff asserts that the conduct of these two men amounted to intentional infliction of emotional distress, as a result of which he experienced "great emotional distress and feelings of insecurity." Complaint, First Cause of Act, ¶ 11.

Three events which occurred during the fall of 1980 form the basis of the claims set forth in plaintiff's third cause of action. First, plaintiff filed a Workmen's Compensation claim for the injury to his hand. Second, certain incidents took place which apparently caused Ronald McBrien, defendant's Wilmington plant manager, to harbor feelings of animosity toward plaintiff. Finally, the defendant company was taken over by the Olin Corporation ("Olin").

Near the end of September, plaintiff learned from defendant's personnel manager that he would no longer receive medical insurance or other benefits to which, plaintiff alleges, his employment contract entitled him. Subsequently, plaintiff also received from the Olin Corporation a letter stating that he would not be made an Olin employee. The letter was signed by plant manager Ronald McBrien.

Plaintiff alleges that defendant denied him fringe benefits to which he was entitled in retaliation for plaintiff's having filed a Workmen's Compensation claim. Plaintiff also asserts that defendant "maliciously interfered with … [plaintiffs'] … prospective employment contract with the Olin Corporation." Complaint, Third Cause of Action, ¶ 12. Plaintiff claims that each of these actions by defendant constituted intentional infliction of emotional distress. Complaint, Third Cause of Action, ¶ 12, 13.

The Massachusetts Workmen's Compensation Act bars common law tort actions which seek damages for "personal injury arising out of and in the course of … employment." M.G.L. c. 152, § 26. Plaintiff asserts, however, that his claims for intentional infliction of emotional distress are not covered by the Act, because defendants' conduct was not only intentional, but "outrageous," and because this conduct occurred at times when plaintiff was not at work.

Plaintiff's arguments have no merit. The Supreme Judicial Court of Massachusetts has stated unequivocally that an employee's claim for personal injury resulting from an employer's intentional infliction of emotional distress falls within the scope of the Workmen's Compensation Act. *Foley v. Polaroid Corp.,* 381 Mass. 545, 413 N.E.2d 711 (1980). *See also Underwood v. Digital Equipment Corp., Inc.,* 576 F.Supp. 213, 217–18 (D.Mass.1983). The outrageousness of an employer's actions plays no role in determining whether injury resulting from intentional infliction of emotional distress is covered by Workmen's Compensation; the character of the employer's conduct relates solely to the issue of whether the employer has, in fact, committed the tort of intentional infliction of emotional distress. *See Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976).

Furthermore, the time and the place at which an injury occurs are not, as the plaintiff asserts, the sole determinants of whether the injured party is eligible to receive Workmen's Compensation. Rather, the Act applies to any physical or mental injury which arises out of employment, regardless of the particular circumstances under which the injury took place. *Foley,* 381 Mass. at 545, 413 N.E.2d 711. Intentional infliction of emotional distress perpetrated by an employer is therefore compensable under the Act, because the essence of this tort is the right to be free from physical or mental injury. Workmen's Compensation, however, does not cover damage resulting from torts, such as defamation or malicious prosecution, which are intended to protect against harm other than injury to the mind or body. *Id.* at 551–552, 413 N.E.2d 711. As the Supreme Judicial Court has noted, the key to whether the

Workmen's Compensation Act precludes "a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury." *Id.* at 553, 413 N.E.2d 711, *quoting Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo.App.1978).

 For these reasons, plaintiff, Douglas Milner's claims for intentional infliction of emotional distress, set forth in the complaint's first and third causes of action, should be dismissed. Plaintiff, however, may maintain his claim for tortious interference with economic relations, which he also asserts in his third cause of action.

Order accordingly.