Gershengorn, J.
This case arises out of an alleged rape that occurred at defendant Purity Supreme’s Holbrook grocery store. Plaintiff, Jane Doe, alleges that Purity Supreme’s employee Phillip Turner raped her and seeks to recover on a medley of common law and statutory claims for her injuries. Plaintiffs have moved for summary judgment on Count III of their complaint, seeking a declaratory judgment that the Worker’s Compensation Act is not plaintiffs’ sole and exclusive remedy. Defendants oppose plaintiffs’ motion, and pursuant to a conference with the parties on October 4, 1994, defendants’ motion in opposition will be treated as a motion for summary judgment. See Mass.R.Civ.P. 56(c).
*610 Defendants argue, in essence, that the exclusivity provision of the Massachusetts Workers’ Compensation Act (“Act”) bars plaintiffs’ common law claims. Plaintiffs, on the other hand, assert that rape, sexual harassment, and civil rights violations do not fall within the scope of the Act, as such wrongs are not personal injuries arising out of the course of employment. For the reasons that follow, plaintiffs’ motion for summary judgment is denied and defendants’ motion for summary judgment is allowed as to plaintiffs’ claims for negligence (Counts I & II); violation of G.L.c. 12, §§11H-1 III (Counts VI & VII); assault and battery (Count VIII); intentional infliction of emotional distress (Count IX); negligent infliction of emotional distress (Counts X-XTV); loss of consortium (XV & XVI); G.L.c. 93A (Count XVII); sexual harassment (Count XVIII); and violation of G.L.c. 93, §102 (Count XIX).
BACKGROUND
For the purposes of this motion for summary judgment, the court will treat plaintiffs’ allegations as true. This case arises out of the alleged rape and sexual assault of plaintiff, Jane Doe. On November 18, 1990, Doe was assigned to close the Purity Supreme Grocery store in Holbrook. That evening, Phillip Turner, the assistant store manager (who was not working that night) visited the store and sent every employee but Doe home. Doe and Turner closed the store, and at approximately 12:15, while Doe was sitting in the manager’s office, Turner began touching her and raped her. Doe did not reveal this incident until January 1991.
Prior to this incident, Purity had disciplined Turner several times for sexual harassment. Moreover, several Purity employees had complained ofTurner’s inappropriate conduct. Purity subsequently terminated Turner.
DISCUSSION
Summary judgment is proper only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56. Accepting plaintiffs’ motion as posing a purely legal question with no genuine issues of material fact, the court has determined that declaratory judgment is nonetheless improper as a matter of law.
The pivotal issue in this case is whether the Massachusetts Workers’ Compensation Act bars plaintiffs’ common law claims. The Act’s exclusivity provision provides,
[a]n employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries if he shall not have given his employer, at the time of contract for hire, written notice that he claimed such a right. . .
G.L.c. 152, §24.
As a general rule, the exclusivity provision bars employees from suing their employer for all personal injuries arising out of or in the course of employment. See Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980). Included within the gambit of this rule are employee’s claims arising from an employer’s negligence, see Liberty Mutual Insurance Co. v. Westerlind, 374 Mass. 524, 526 (1978); Zapponi v. Central Constr. Co., 334 Mass. 146 (1956), as well as claims premised on intentional acts. See Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124 (1988) (suit for intentional tort in course of employment is barred by exclusiviiy provision); Foley v. Polaroid Corp., 381 Mass. 545, 550 (1980). Certain injuries, however, do not fall within the purview of the Act. Thus, an employee may bring common law claims for “injuries to reputation resulting from libel, malicious prosecution and false imprisonment, invasion of right to privacy, as well as alienation of affection of a husband or wife, seduction, false arrest and kindred tortious acts.” Id. at 551 (citations omitted).
In this case, plaintiffs request this court to carve out an exception to the exclusivity provision based on her allegations of rape and sexual harassment. Plaintiffs’ position does have considerable support, as courts throughout the country are split: Half the states hold that the workers’ compensation act is the exclusive remedy while half hold that an employee can bring a common law claim for sexual harassment. Jane Byeff Korn, The Fungible Woman and other Myths of Sexual Harassment, 67 Tul.L.R. 1363, 1379-80 (1993); see id. at 1380 n.94 (listing cases). Although this court agrees strongly with the proposition that sexual harassment, or rape, is not a natural risk of employment, see King v. Consolidated Freightways Corp., 763 F.Supp. 1014, 1017 (W.D. Ark. 1991); Harrison v. Edison Bros. Apparel Store, 724 F.Supp. 1185, 1191 (M.D.N.C. 1989), rev’d in part on other grounds, 924 F.2d 535 (4th Cir. 1991); Byrd v. Richardson-Greenshields Sec. Inc., 552 So.2d 1099, 1104 (Fla. 1989), Massachusetts law, for better or worse, simply bars employee suits for personal injuries arising out of employment. The proper inquiry in a challenge to the exclusiviiy provision is to examine the nature of an employee’s claims rather than the scope or source of an employee’s injuries. Foley v. Polaroid, 400 Mass. 82, 93 (1987). Here, Jane Doe was injured while at work, and despite the nature of her injury, the Act is her sole remedy.
In addition to plaintiffs’ common law claims, plaintiffs assert causes of action premised on statutory violations; i.e., the Civil Rights Act, G.L.c. 12, §§11H and 111, G.L.c. 93, §102, and G.L.c. 93A. Plaintiffs allege that the sexual harassment and rape Jane Doe suffered as a Purity employee are compensable under the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111. The Civil Rights Act does not “create an *611 independent right to vindicate an alleged wrong which might have been the subject of investigation and possible vindication under G.L.c. 151B . . .” Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 543 (1987). Here, Jane Doe could have pursued her claim with the MCAD pursuant to the dictates of G.L.c. 151B. Jane Doe’s failure to pursue her G.L.c. 151B remedies foreclose her from seeking relief via the Civil Rights Act. See Felinska v. New England Teachers, Civ. Act. No. 93-10242 (D.Mass. 1994), slip. op. at 6.
As to plaintiffs’ claim based on the equal rights act, G.L.c. 93, §§102 and 103, the Supreme Judicial Court’s recent decision, Charland v. Muzi Motors, 417 Mass. 580, 582 (1994), recognized that “where G.L.c. 151B is applicable, employees alleging discriminatory conduct by their employer must comply with the administrative requirements of c. 15IB and failure to do so precludes actions by employees based on the equal rights act.” Plaintiffs have not complied with 151B and thus cannot seek relief for defendant’s conduct based on the equal rights act.
Furthermore, plaintiffs’ G.L.c. 93A count is faulty as a matter of law. As a general rule, G.L.c. 93A does not apply to claims arising out of the employment relationship. Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 122 (1988) (barring G.L.c. 93A claims arising out of worker’s compensation dispute between employee and employer): see Falmouth Ob-Gyn Assoc., Inc. v. Abisla, 417 Mass. 176 n.1 (1994); Manning v. Zuckerman, 388 Mass. 8, 13-15 (1983).
Insofar as Jane Doe’s claims are barred by the Act, her spouse’s and children’s claims for loss of consortium are equally barred by the exclusivity provision. G.L.c. 152, §24. See St. Germaine v. Pendergast, 411 Mass. 615, 626 (1992).
Plaintiffs’ only viable claim is their allegation of false imprisonment. Foley v. Polaroid Corp., supra at 551. Indeed, plaintiffs can assert emotional distress damages, and any other proper damages within the scope of this tort. Foley v. Polaroid Corp., 400 Mass. 82, 93 (1987).
ORDER
This Court ORDERS that:
1. Plaintiffs’ motion for summary judgment is DENIED.
2. Defendants’ motion for summary judgment is ALLOWED as to Counts I, II, III, VI, VII, VIII, LX, X, XI, XII, XIII, xrv, XV, XVII, XVIII, XIX, and those portions of plaintiffs’ loss of consortium claims (XV & XVI) arising from these claims.
3. Defendants’ motion for summary judgment is DENIED as to Counts IV and V and plaintiffs’ claims for loss of consortium arising from these counts.