624 S.E.2d 524

Wayman R. FRAVEL and W.
Keith Wyckoff, Plaintiffs
Below, Appellants,

v.

SOLE'S ELECTRIC COMPANY, INC.,
Defendant Below, Appellee.

No. 32164.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 11, 2005.

Decided Nov. 30, 2005.

Michael J. Florio, Esq., Clarksburg, West Virginia, Attorney for Appellants.

Charles G. Johnson, Esq., Jackson Kelly, PLLC, Clarksburg, Bridget D. Furbee, Esq., Jackson Kelly, PLLC, Charleston, West Virginia, Attorneys for Appellee.

PER CURIAM:

In the instant case we uphold a jury's verdict for the defendant employer in an employment discrimination case.

### I.

The appellants, Wayman R. Fravel and W. Keith Wyckoff, are two former employees of the appellee Soles Electric Company, Inc. ("Soles"). Both appellants were laid off by Soles in 2000—Mr. Wyckoff in March, and Mr. Fravel in September. Both appellants had previously filed workers' compensation claims while working for Soles—Mr. Wyckoff in 1997, and Mr. Fravel in 1999.

In March of 2002, the appellants filed an employment discrimination lawsuit against Soles in the Circuit Court of Marion County, alleging workers' compensation discrimination and age discrimination. Prior to trial, the circuit court granted partial summary judgment for Soles on Mr. Wyckoff's workers' compensation claim, and Mr. Fravel withdrew his age discrimination claim. The appellants' case was tried to a jury in November of 2003, which found for Soles.

The appellants appeal to this Court from the jury's verdict and the circuit court's denial of their motion for a new trial, arguing that the circuit court's grant of summary judgment for Soles on Mr. Wyckoff's workers' compensation claim was erroneous and that the circuit court's instructions to the jury were erroneous.

### II.

This Court's standard of review for the granting of motions for summary judgment is *de novo*. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard." Syllabus Point 6, in part, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995).

### III.

#### A.

Syllabus Point 1, *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 403 S.E.2d 717 (1991) states:

In order to make a prima facie case of discrimination under W.Va.Code, 23–5A–1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W.Va.Code, 23–1–1, *et seq.;* and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

This Court went on to state:

In determining whether there is a nexus between the filing of the workers' compensation claim and the discharge, we take heed of this warning by the New York Court of Appeals in *Axel v. Duffy–Mott Co.*, 47 N.Y.S.2d at 6, 416 N.Y.S.2d at 556, 389 N.E.2d at 1077:

"[I]n a case premised on an alleged violation of a statute purposed to counter retaliation or other discrimination, we must keep in mind that

those engaged in such conduct rarely broadcast their intentions to the world. Rather, employers who practice retaliation may be expected to seek to avoid detection, and it is hardly to be supposed that they will not try to accomplish their aims by subtle rather than obvious methods.... Moreover, employers are vested with considerable discretion in the hiring and firing of their employees so as to maintain an efficient and productive work force, and the visible manifestations of even a most improperly motivated discharge may be difficult to sort out from a nonretaliatory exercise of this discretion." (Citations omitted).

Because of the usual lack of direct evidence, courts have looked to a variety of factors. Proximity in time of the claim and the firing is relevant, of course. Evidence of satisfactory work performance and supervisory evaluations before the accident can rebut an employer's claim of poor job performance. Any evidence of an actual pattern of harassing conduct for submitting the claim is very persuasive. *E.g., Axel v. Duffy–Mott Co., supra* (immediately after claimant filed for workers' compensation benefits, adverse comments began to appear in her personnel file about her work performance and appearance); *Elzey v. Forrest*, 739 P.2d 999 (Okla.1987) (supervisor told employee that he was jeopardizing job by seeking treatment from doctors whose practices were associated with workers' compensation claimants). *Cf. Milner v. Stepan Chem. Co.*, 599 F.Supp. 358 (D.Mass.1984) (following a work-related accident, the employee's supervisor repeatedly harassed him about not reporting the injury so as not to spoil the company's safety record). *Id.*, 184 W.Va. at 704, 403 S.E.2d at 721.

█ Mr. Wyckoff was off work due to his workers' compensation injury from May 1997 until August 1997 and returned to work thereafter, but he was not laid off from work by Soles until September, 2000. In ruling on Soles' motion for summary judgment prior to trial, the circuit court found that Mr. Wyckoff's layoff was "simply too far removed temporally from his workers' compensation claim ... to support a jury finding of a causal connection." The circuit court also noted that there was no evidence of harassing conduct, and there was substantial evidence of a nondiscriminatory reason for the layoff. Soles submitted evidence that nearly forty percent of its non-exempt employees had filed some type of workers' compensation claim.

Upon our review of the record, the trial court did not grant summary judgment on the sole basis of the passage of time, but on the basis that there was insufficient other evidence offered or pointed to by Wyckoff that would permit a jury to infer a likely illegal discriminatory motive, given the very lengthy time period (more than three years) that had passed since the workers' compensation event.

We conclude that the trial court did not err in granting partial summary judgment on Mr. Wyckoff's workers' compensation discrimination claim.

**B.**

On the issue of jury instructions, the appellants claim that the circuit court erred in refusing to give the jury several proffered instructions containing language from West Virginia employment law cases. An example of the appellants' refused instructional language is:

Because discrimination is essentially an element of the mind, there probably will be very little direct proof available. Gone are the days, if, indeed, they ever existed, when an employer freely will admit to taking adverse action against an employee for illegal reasons.[1]

█ It is neither customary nor ordinarily appropriate for this sort of discursive language that is used in opinions to explain

---

1. This language is taken from footnote 21 of *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 72, 479 S.E.2d 561, 582 (1996).

the court's reasoning to be included in jury instructions.

The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syllabus Point 6, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995).

We conclude that the appellants' assignment of error based upon the circuit court's instructions to the jury is without merit.[2]

### III.

For the foregoing reasons, we affirm the ruling of the Circuit Court of Marion County.

Affirmed.

---

**2.** Appellants also argue that the circuit court erred in giving an instruction proffered by the appellee that stated:

Whether the defendant's decision seemed fair or wise to you is not a basis upon which you may rely in finding that the defendant unlawfully discriminated against the plaintiff.

This instruction is consistent with language in *Skaggs, supra;* 198 W.Va. at 79, 479 S.E.2d at 589. Taken in the context of the entire charge to the jury, giving this instruction was not reversible error.