TACIANA RIBEIRO SAAB & another[1] *vs.* MASSACHUSETTS CVS
PHARMACY, LLC.[2]

Suffolk. September 3, 2008. - November 13, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Workers' Compensation Act,* Exclusivity provision, Injuries to which act applies. *Wrongful Death. Practice, Civil,* Wrongful death. *Parent and Child,* Consortium.

Discussion of the purpose of the Workers' Compensation Act and its exclusivity provisions. [566-568]

The exclusivity provision of the Workers' Compensation Act (act), G. L. c. 152, § 24, barred an employee's parents from bringing a wrongful death claim against the employer, where the employee's work-related injury was compensable within the meaning of the act, regardless of the fact that no payments were actually made because the employee, who had died almost immediately after suffering the injury, had left no dependents. [568-572]

CIVIL ACTION commenced in the Superior Court Department on February 9, 2007.

A motion to dismiss was heard by *Raymond J. Brassard,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Richard P. Campbell* (*Christopher A. Callanan* with him) for the plaintiffs.

*William J. Dailey, Jr.* (*Myles W. McDonough* with him) for the defendant.

*John Pagliaro, Martin J. Newhouse,* & *Jo Anne Shotwell Kaplan,* for New England Legal Foundation & another, amici curiae, submitted a brief.

MARSHALL, C.J. We consider in this case whether an exclusivity provision of the Workers' Compensation Act (act), G. L.

[1]Mark S. Giambrone, as next of kin of Cristian Ribeiro Giambrone, by and through Taciana Ribeiro Saab, as administratrix of the estate of Cristian Ribeiro Giambrone.

[2]Successor in interest to Longwood Avenue CVS, Inc.

c. 152, § 24 (§ 24),[3] bars an employee's parents from bringing a wrongful death claim against his employer where the employee is injured at work but no workers' compensation payments are paid for the injury. Here, the employee, Cristian Ribeiro Giambrone, who had no dependents, died almost immediately. Accordingly, no benefits were paid under the workers' compensation statutory scheme. See G. L. c. 152, § 31 (benefits payable to employee's dependents on death of employee).[4]

Giambrone's parents, Taciana Ribeiro Saab and Mark S. Giambrone, commenced an action under the wrongful death statute, G. L. c. 229, § 2,[5] seeking recovery for loss of consortium and punitive damages from Massachusetts CVS Pharmacy, LLC

---

[3]General Laws c. 152, § 24, states, in relevant part:

> "If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents and any other member of the employee's family or next of kin who is wholly or partly dependent upon the earnings of such employee at the time of injury or death, shall also be held to have waived any right created by statute, at common law, or under the law of any other jurisdiction against such employer, including, but not limited to claims for damages due to emotional distress, loss of consortium, parental guidance, companionship or the like, when such loss is a result of any injury to the employee that is compensable under this chapter."

[4]CVS Caremark Corporation paid for certain of Giambrone's funeral expenses. The payments, the defendant contends, were "compensation" under the act. See G. L. c. 152, § 33 (providing for payment of burial expenses). The plaintiffs respond that such payments were not workers' compensation payments because they were made not by the employer — Longwood Avenue CVS, Inc., or Massachusetts CVS Pharmacy, LLC — but by a "wholly different corporation" and were made because of the threat of litigation rather than as payments under the act. In light of our holding, resolution of any factual dispute on this point is unnecessary.

[5]General Laws c. 229, § 2, provides, in relevant part:

> "A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted . . . shall be liable in damages in the amount of: (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages

(CVS), the successor in interest to the CVS store where Giambrone worked at the time of his death. CVS moved to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Mass. R. Civ. P. 12 (b) (1), (6), 365 Mass. 754 (1974). It argued, among other things, that the exclusivity provision of the workers' compensation scheme barred the parents' claims, irrespective of whether workers' compensation benefits had been paid on his behalf. A judge in the Superior Court agreed and allowed the motion. The plaintiffs appealed, and we granted their application for direct appellate review.

For the reasons stated below, we conclude that the determination whether an employee's injury is compensable under the act — and thus whether the exclusivity provision, § 24, applies — does not turn on whether a claimant is entitled to or actually receives compensation under the act. Because Giambrone's work-related injuries were compensable, his parents are barred from maintaining any action against his employer, CVS. We affirm the judgment of dismissal.

1. *Background.* The operative facts are not in dispute. Giambrone was employed at a CVS store on Longwood Avenue in Boston. In February, 2004, while at work, Giambrone and other employees attempted to apprehend a suspected shoplifter. The suspect responded violently, stabbing Giambrone in the neck with a knife. Giambrone died at the scene shortly thereafter. At the time of his death, Giambrone was an eighteen year old high school student who lived at his mother's home. He was financially dependent on both parents and had no dependents himself.

2. *Discussion.* We begin with a brief review of the act's well-established purpose, focusing on its exclusivity provisions. The

recovered; (2) the reasonable funeral and burial expenses of the decedent; (3) punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant; except that (1) the liability of an employer to a person in his employment shall not be governed by this section . . . . A person shall be liable for the negligence or the willful, wanton or reckless act of his agents or servants while engaged in his business to the same extent and subject to the same limits as he would be liable under this section for his own act. Damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased."

act "was designed to replace tort actions," *Alves's Case*, 451 Mass. 171, 177 n.9 (2008), by providing "a uniform, statutory remedy for injured workers, in contrast to a piecemeal, tort-based system." *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 559-560 (1996), quoting *Catalano* v. *First Essex Sav. Bank*, 37 Mass. App. Ct. 377, 380 (1994). Employees injured in the course of their employment — and their dependents — may receive predictable compensation at a time of hardship while employers have the benefit of relative cost certainty. See *McCarty's Case*, 445 Mass. 361, 369 (2005) (Sosman, J., concurring) ("Protecting the injured worker from the sudden loss of that cash income . . . is the goal of the workers' compensation scheme"); *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass 342, 349 (1983) (workers' compensation laws represent "the Legislature's balance of competing societal interests"); *Zerofski's Case*, 385 Mass. 590, 594 (1982), quoting *Madden's Case*, 222 Mass. 487, 494-495 (1916) ("The 'purpose [of the act] is to treat the cost of personal injuries incidental to . . . employment as a part of the cost of business' ").

In exchange for "the possibility of obtaining compensation for loss of wages or earning capacity caused by a work-related injury, regardless of the fault of their employers or the foreseeability of harm," the act "requires that participating employees waive their right to sue in tort for work-related injuries." *Murphy* v. *Commissioner of the Dep't of Indus. Accs.*, 415 Mass. 218, 222 (1993). In other words, the employer "obtains an immunity from actions at law by his employees." L.Y. Nason, C.W. Koziol, & R.A. Wall, Workers' Compensation § 26.1, at 313 (3d ed. 2003). "It was undoubtedly the intention of the Legislature . . . to take away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, and to substitute for such remedies the wider right of compensation given by the act." *Id.*, quoting *King* v. *Viscoloid Co.*, 219 Mass. 420, 422 (1914). See *Barrett* v. *Rodgers*, 408 Mass. 614, 616 (1990) (employees get "guaranteed right of recovery," but they are in turn barred from "recovering against their employers for injuries received on the job"); *Gurry* v. *Cumberland Farms, Inc.*, 406 Mass. 615, 621 (1990) (workers' com-

pensation law provides fixed compensation for employees; employers are granted immunity in return). The exclusivity provisions applicable to injured workers now extend to their families and dependents.[6]

Section 24 and related exclusivity provisions of the act, see, e.g., G. L. c. 152, § 23,[7] "have always been a part of the workmen's compensation law." *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. 35, 44 (1983). They are its "cornerstone." *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652, 656 (1993) (dealing with § 23).

Since the 1985 amendment to the act extending the exclusivity provisions to the parents of employees, see note 6, *supra*, this court has made clear that § 24 bars the claims of the parents of an employee who suffers a work-related injury, whether or not the parents are dependent on the child. See *Russell* v. *Boston Wyman, Inc.*, 410 Mass. 1005, 1006 (1991) (clarifying that § 24 applies to employee's spouse, parents, or children regardless whether any such relative is financially dependent on employee). Moreover, in *St. Germaine* v. *Pendergast*, 411 Mass. 615, 627 (1992), a case where workers' compensation benefits were paid in the wake of a work-related injury (the employee was rendered a paraplegic), we held that § 24 foreclosed an action for loss of consortium brought by the employee's parents.

In this case the parents argue, in essence, that the unavail-

---

[6]Prior to 1985, G. L. c. 152, § 24, barred claims of employees only. In response to this court's decision in *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507 (1980), which recognized a claim for loss of consortium against an employer brought by an employee's wife, the Legislature amended the act to extend the exclusivity provision of § 24 to bar tort and statutory claims brought by family members of an employee injured in a work-related incident. St. 1985, c. 572, § 35. See *Russell* v. *Boston Wyman, Inc.*, 410 Mass. 1005, 1007 (1991) (describing purpose of 1985 amendment).

[7]General Laws c. 152, § 23, provides:

> "If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the [Department of Industrial Accidents] under [§§ 10 to 12], inclusive, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under [§ 48], such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury."

ability of compensation for or on behalf of their son under the act nullifies § 24 as applied to them. But see note 4, *supra.* They recognize that had their son been survived by dependents, his dependents would have been eligible for workers' compensation benefits. See G. L. c. 152, § 31. But where such benefits are utterly unavailable under the statutory scheme because Giambrone left no dependents, it cannot be, they contend, that there can be no recovery for the death of their son against his employer, particularly where — they allege — CVS was wilfully and grossly negligent in the operation of its store on Longwood Avenue. *St. Germaine* v. *Pendergast, supra,* has no application, they argue, because in that case benefits were paid to the injured worker, thereby triggering the application of § 24 and barring additional recovery by his parents. Here, in contrast, no compensation has been paid on account of the death of their son, and as such, the injury is not "compensable" and § 24 does not apply. We disagree.

The "key" to whether the act precludes a common-law right of action "lies in the nature of the injury for which plaintiff makes claim." *Berger* v. *H.P. Hood, Inc., supra* at 655, quoting *Foley* v. *Polaroid Corp.,* 381 Mass. 545, 553 (1980). In other words, the key is whether the injury is compensable. General Laws c. 152, § 26, "explains when injuries are compensable."[8] *Lowery* v. *Klemm,* 446 Mass. 572, 579 n.8 (2006). Under § 26, an injury is compensable where the plaintiff is an employee who suffers a "personal injury" that arises "out of and in the course of his employment." *Green* v. *Wyman-Gordon Co.,* 422 Mass. 551, 558 (1996), quoting *Foley* v. *Polaroid Corp., supra* at 548-549. Cf. *Haslam's Case,* 451 Mass. 101, 107-108 (2008) (injury that occurred while employee was driving home not compensable because it did not arise "out of and in the course of employment"); *Foley* v. *Polaroid Corp., supra* at 551 (injury to reputation not compensable because it is not "personal injury" under

---

[8]General Laws c. 152, § 26, provides, in relevant part:

"If an employee who has not given notice of his claim of common law rights of action under [§ 24], or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, . . . he shall be paid compensation by the insurer or self-insurer, as hereinafter provided . . . ."

§ 26). If a work-related injury *is* compensable under the act, then § 24 applies and the exclusivity provision bars any other remedies against the employer. See *Green* v. *Wyman-Gordon Co.*, *supra* (§ 24 applicable where plaintiff's emotional distress resulted from injury that met § 26 factors); *Foley* v. *Polaroid Corp.*, *supra* at 550. Here Giambrone was an employee who suffered a "personal injury" that arose "out of and in the course of his employment." His injury is therefore "compensable" irrespective of whether compensation for his injury is available under the act. Accordingly, any remedies against CVS for any wrong suffered as a result of his injury are subject to the strictures of § 24. To hold otherwise — to condition compensability on the payment of compensation — risks "undercut[ting] the legislative scheme." *Correia* v. *Firestone Tire & Rubber Co.*, *supra* at 349-350.[9]

A related question has been addressed in other courts. In Massachusetts a Federal judge construed the application of § 24 in deciding that an employee cannot recover in tort when the employee suffers a work-related injury that causes harm for which no workers' compensation is payable to the employee under the act. See *Crews* v. *Memorex Corp.*, 588 F. Supp. 27, 30 (D. Mass. 1984) ("When an injury is within the class of those covered by the workmen's compensation statute, but no compensation is available because the injury is not disabling as defined in the statute, the exclusivity provision nonetheless bars a tort suit against the employer"). And courts in other jurisdictions construing the exclusivity provisions of their States' respective workers' compensation statutes have reached similar conclusions. See, e.g., *Cole* v. *Dow Chem. Co.*, 112 Mich. App. 198 (1982) (tort claim for sterility barred by exclusive remedy provision even though compensation not payable for sterility); *Fetterhoff* v. *Western*

---

[9]The parents also argue that the wrongful death statute, G. L. c. 229, § 2, "guarantees" them the opportunity to recover damages for loss of consortium and punitive damages from CVS. That argument fails. The wrongful death statute, G. L. c. 229, § 2, provides that "the liability of an employer . . . shall not be governed by this section." General Laws c. 152, § 68, provides that G. L. c. 229, § 2B, the provision for damages for death of an employee due to employer negligence, "shall not apply to employees of an insured person." Together with §§ 24 and 68 of the act, G. L. c. 229, § 2, "has been read consistently to preclude any civil action for wrongful death of an employee who is subject to the provisions of the workers' compensation laws." *Peerless Ins. Co.* v. *Hartford Ins. Co.*, 48 Mass. App. Ct. 551, 554 (2000).

*Block Co.*, 44 A.D.2d 1001, 1001 (N.Y. 1975) (State's high court "has consistently held that the Workmen's Compensation Law precludes injured employees from asserting personal injury actions against covered employers based on injuries arising out of and in the course of employment, even though the employee suffers some loss not specifically compensated under the Workmen's Compensation Law"); *Doe* v. *South Carolina State Hosp.*, 285 S.C. 183, 191-192 (1985) ("[T]he fact that no actual monetary award can be made pursuant to the [workers' compensation act] . . . has no bearing whatever on the Act's exclusivity. . . . [T]he Act provides the exclusive remedy for injuries resulting from an accident arising out of and in the course of the employment, whether or not the particular injury may be compensated by a monetary award under the Act"). See also 6 A. Larson & L.K. Larson, Workers' Compensation Law § 100.05[1], at 315 (2008), and cases cited; L.Y. Nason, C.W. Koziol, & R.A. Wall, Workers' Compensation § 26.1 (3d ed. 2003) ("The cases nationwide bar a tort action against the employer" where act "clearly covers the injury and thereby bars a common law remedy, but the act provides no compensation for the particular harm suffered"). If the exclusivity provisions of workers' compensation schemes deprive employees of remedies against their employers for work-related injuries where no compensation is available to them for those injuries, those same exclusivity provisions assuredly apply to family members of the employee.

Giambrone's parents also argue that G. L. c. 152, § 24, violates their rights under art. 11 of the Massachusetts Declaration of Rights by depriving them of a remedy for the loss of their child.[10] Similar arguments concerning the act's exclusivity provisions previously have been considered and rejected. See *Decker* v. *Black & Decker Mfg. Co.*, *supra* at 45 (concluding that "legislative abrogation of the common law right of indemnity [by §§ 23 and 24] does not offend art. 11"); *Soares* v. *Gotham Ink of New England, Inc.*, 32 Mass. App. Ct. 921, 923 (1992) (reject-

---

[10]Article 11 of the Declaration of Rights of the Massachusetts Constitution provides: "Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

ing claim that 1985 amendment expanding scope of § 24 violated art. 11 by failing to provide substitute remedy for family members of employees). Article 11 "has never been construed to grant to any person 'a vested interest in any rule of law entitling [such person] to insist that it shall remain unchanged for his benefit.' " *Decker* v. *Black & Decker Mfg. Co.*, *supra* at 44, quoting *New York Cent. R.R.* v. *White*, 243 U.S. 188, 198 (1917). The plaintiffs have offered us no persuasive reason to revisit the issue.

The result we reach today may leave some injured workers or their families without a remedy against an employer for a work-related injury caused by the employer's negligence. The judge in the Superior Court noted that the events underlying this case were heart-rending. Without expressing any view on the merits of the damages sought by the parents against their son's employer, he found it troubling that there appeared to be no remedy available to the parents against the employer for a claimed wrong. Cf. 6 A. Larson & L.K. Larson, *supra* at § 100.05[1][a] ("The most troublesome cases are those in which the act clearly covers the injury and thereby bars all common-law rights, but because of the failure of the compensation system to award benefits for the particular kind of harm, gives the worker nothing in return"). As the judge correctly noted, however, it is not the role of courts to create a more comprehensive or logical system of compensation. See *Doherty's Case*, 294 Mass. 363, 366 (1936). That is a task for the Legislature. See *Correia* v. *Firestone Tire & Rubber Co.*, *supra* at 349 (workers' compensation laws are "economic regulations representing the Legislature's balance of competing societal interests and . . . the courts have no place in reshaping public policy in the face of such comprehensive legislation"); *Longever* v. *Revere Copper & Brass Inc.*, 381 Mass. 221, 225 (1980) ("Deficiencies in the compensation awards pursuant to the [workers' compensation] statute are matters of concern for the Legislature").

3. *Conclusion.* For the foregoing reasons, the judgment of the Superior Court dismissing the plaintiffs' complaint is affirmed.

*So ordered.*