JANE DOE & others[1] vs. PURITY SUPREME, INC., & another.[2]

Middlesex. January 9, 1996. - May 3, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Workers' Compensation Act,* Exclusivity provision, Emotional distress. *Employment,* Sexual harassment. *Anti-Discrimination Law,* Sex, Employment. *Civil Rights,* Availability of remedy. *False Imprisonment.*

Common law claims for negligence, assault and battery, intentional and negligent infliction of emotional distress and loss of consortium, seeking damages for physical and emotional injuries resulting from sexual assault and rape in a workplace and arising out of employment, were barred by the exclusivity provisions of the workers' compensation act, G. L. c. 152, § 24. [565-567]

*Statutory* claims under G. L. c. 214, § 1C, under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I, and under the Massachusetts Equal Rights Act, G. L. c. 93, § 102, arising from a sexual assault and rape were barred by the exclusivity provisions of the Massachusetts antidiscrimination law, G. L. c. 151B, § 9. [567]

An employer could not be held vicariously liable for claims for false imprisonment and loss of consortium arising out of a sexual assault and rape of an employee in the workplace where the tortious acts as alleged did not show that the tortfeasor, another employee, was acting within the scope of his employment. [568]

CIVIL ACTION commenced in the Superior Court Department on November 10, 1993.

The case was heard by *Wendie I. Gershengorn,* J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Norman F. Lazarus (Anthony Pignone* with him) for the plaintiffs.

[1]John Doe, JR Doe, JC Doe, JM Doe, and JP Doe. A Superior Court judge ordered that pseudonyms be used for the plaintiffs and the individual defendant.

[2]The store manager, whom the parties have agreed not to name.

*Arthur G. Telegen (Amy B. G. Katz* with him) for the defendants.

The following submitted briefs for amici curiae:

*Robert S. Manell, Marisa A. Campagna & Laura Matlow,* for Massachusetts Chapter of the National Employment Lawyers Association.

*Frederick T. Golder* for Employment Law Center.

*Jane Byeff Korn,* pro se.

LYNCH, J. The plaintiffs filed a nineteen-count complaint arising from the alleged rape and sexual assault of Jane Doe by an employee of the defendant Purity Supreme, Inc. (Purity). The plaintiffs brought common law claims for negligence, assault and battery, false imprisonment, intentional and negligent infliction of emotional distress, and loss of consortium. The plaintiffs also brought statutory claims under G. L. c. 214, § 1C (1994 ed.), the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (1994 ed.) (civil rights act), the Massachusetts Equal Rights Act, G. L. c. 93, § 102, (1994 ed.) (equal rights act), and the Consumer Protection Act, G. L. c. 93A (1994 ed.).

In an initial decision, the trial judge granted summary judgment to the defendants on all of the plaintiffs' claims except for the false imprisonment claim and the loss of consortium claims accompanying it. The judge ruled that the common law claims were barred by the exclusivity provisions of the workers' compensation act, G. L. c. 152, § 24 (1994 ed.). She also decided that all the statutory claims, with the exception of the claim under G. L. c. 93A, were barred by the exclusivity provisions of the Massachusetts antidiscrimination law, G. L. c. 151B, § 9 (1994 ed). See *Charland* v. *Muzi Motors, Inc.,* 417 Mass. 580, 586 (1994).[3] In a second decision, the judge granted summary judgment to the defendants on the false imprisonment claim on the rationale that Purity was not vicariously liable for the actions of its employee. The plaintiffs appealed from these judgments. We granted the

---

[3]The judge also ruled that the plaintiffs' claims under G. L. c. 93A (1994 ed.) failed as a matter of law. See *Manning* v. *Zuckerman,* 388 Mass. 8, 15 (1983). See note 7, *infra.*

plaintiffs' application for direct appellate review and now affirm.[4]

The summary judgment record demonstrates the following (see *Judson* v. *Essex Agric. & Technical Inst.*, 418 Mass. 159, 162 [1994]): Jane Doe was working at one of Purity's stores on the night of November 18, 1990, when another employee, designated by the parties as the assistant store manager, visited the store.[5] The assistant store manager, who was not scheduled to work, sent home every employee but Doe. While Doe and the assistant store manager were working in the manager's office, the assistant store manager sexually assaulted and raped Doe.

Prior to this incident, Purity had disciplined the assistant store manager several times for sexual harassment. Moreover, several Purity employees had complained of the assistant store manager's inappropriate conduct. Purity subsequently terminated the assistant store manager.

1. *Workers' compensation exclusivity.* The judge's decision that the plaintiffs' claims for negligence, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress were barred by the exclusivity provision of the workers' compensation act was correct.

First, it is clear that physical and emotional injuries resulting from rape and other forms of sexual assault are compensable under the workers' compensation act. Except for certain exceptions not applicable here, intentional torts are covered by the workers' compensation act, even when they are committed by coemployees. *Anzalone* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 119, 124 (1988). Therefore, injuries resulting from physical assaults by one employee on another are compensable. *Dillon's Case*, 324 Mass. 102, 106-107 (1949). The workers' compensation act allows employees to recover for emotional injuries which are shown to have arisen out of and in the course of employment. *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 548-550 (1980) (*Foley I*). See *Albanese's Case*, 378 Mass. 14 (1979). Finally, as we conclude today in

[4]We acknowledge the amicus briefs of the National Employment Lawyers Association, Massachusetts Chapter, and the Employment Law Center, on behalf of the plaintiffs.

[5]Since the assistant store manager is not a party to this action, the plaintiffs' common law claims against him are unaffected by the decision in this case.

*Green* v. *Wyman-Gordon Co., ante* 551 (1996), the exclusivity provision of the workers' compensation act also precludes an action against an employer for negligent and intentional infliction of emotional distress arising out of sexual harassment in the workplace. Under these principles, it follows that the injuries resulting from a rape or other sexual assault are "personal injuries" within the meaning of the workers' compensation act and any tort claims seeking to recover against the employer for these injuries are barred by the exclusivity provision of the workers' compensation act. See G. L. c. 152, § 24 (1994 ed.).

The plaintiffs ask us to create an exception to this general rule, on the ground that sexual assault is not a "normal risk" of employment. See Korn, The Fungible Woman and Other Myths of Sexual Harassment, 67 Tul. L. Rev. 1363, 1384-1389 (1993). The plaintiffs misconstrue the focus of our inquiry. In determining whether the workers' compensation act bars common law claims, we look at the nature of the claims, not the source of the injuries. See *Foley* v. *Polaroid Corp.*, 400 Mass. 82, 93 (1987) (*Foley II*). "[The injury] need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case*, 305 Mass. 500, 502 (1940). See *Souza's Case*, 316 Mass. 332, 334 (1944). Here, the assistant store manager is alleged to have raped an employee during work hours on the employer's premises. The plaintiffs do not allege that the two individuals were connected in any way except through their employment. The injuries arose out of the employment within the meaning of the statute. Accordingly, the plaintiffs' common law claims based on them are barred when it is only on this premise that Purity can plausibly be made a defendant here at all. See *Clarke* v. *Kentucky Fried Chicken of Cal., Inc.*, 57 F.3d 21, 29 (1st Cir. 1995).

The plaintiffs also argue that public policy requires an exception from workers' compensation exclusivity for cases of rape, sexual assault, and sexual harassment. In so arguing, the plaintiffs ignore the fact that the Legislature has provided employees with a separate remedy for sexual harassment in G. L. c. 151B, § 4, and G. L. c. 214, § 1C, as we note today in *Green* v. *Wyman-Gordon Co., supra,* and *Guzman* v. *Low-*

*inger; post* 570 (1996). It is undisputed, however, that the plaintiffs in this case did not meet the procedural prerequisites for such a claim. We decline to fashion a common law exception to the exclusivity provisions of the workers' compensation act where the Legislature has already created a statutory one.

We note that courts in other jurisdictions have also concluded that workers' compensation statutes bar recovery in tort for sexual assault and rape. See, e.g., *Tolbert* v. *Martin Marietta Corp.*, 759 P.2d 17 (Colo. 1988); *Knox* v. *Combined Ins. Co.*, 542 A.2d 363 (Me. 1988). The cases cited by the plaintiffs for the contrary proposition are inapposite. *Copithorne* v. *Framingham Union Hosp.*, 401 Mass. 860 (1988), involves the rape of a hospital employee by a visiting staff physician, while the physician was treating the employee for a back problem at her home. The court allowed the plaintiff employee to proceed against the hospital on a negligence theory. *Id* at 865. First, it is not clear that the workers' compensation exclusivity defense was raised. Second, the plaintiff was not suing in her capacity as employee, but in her capacity as a patient. Third, the action did not arise out of the plaintiff's employment, and so the workers' compensation act did not apply. See G. L. c. 152, § 26 (1994 ed.). See also *Choroszy* v. *Wentworth Inst. of Technology*, 915 F. Supp. 446, 452 (D. Mass. 1996).[6] We therefore affirm the judgment of the Superior Court.

2. *General Laws c. 151B exclusivity.* For the reasons set forth in *Green* v. *Wyman-Gordon Co., supra,* we agree with the judge that the plaintiffs' claims under the civil rights act, equal rights act, and G. L. c. 214, § 1C, were barred by the exclusivity provision of G. L. c. 151B. See *Charland* v. *Muzi Motors, Inc., supra* at 586.

---

[6]The cases that the plaintiffs and an amicus cite from other jurisdictions are not persuasive. In *Cremen* v. *Harrah's Marina Hotel Casino,* 680 F. Supp. 150 (D.N.J. 1988), for example, the court concluded that an intentional infliction of emotional distress claim arising from a sexual assault was not barred by workers' compensation exclusivity under New Jersey law. In so finding, the court relied on an explicit exception for intentional acts of coemployees. Cf. *Foley* v. *Polaroid Corp.,* 381 Mass. 545, 550 (1980) (no exception for intentional infliction of emotional distress). Other cases involve the same or similar exceptions to workers' compensation exclusivity which have been rejected in Massachusetts. See *Green* v. *Wyman-Gordon, Co., ante* 551, 561-562 n.15 (1996), and cases cited.

3. *False imprisonment.* The judge correctly held that the plaintiffs' claim for false imprisonment (and accompanying loss of consortium claims) is not barred by the exclusivity provision of the workers' compensation act. See *Foley II, supra* at 93; *Madden's Case,* 222 Mass. 487, 492 (1916). The defendants urge us to affirm the judge's conclusion that the employer is not liable because rape and sexual assault were not within the scope of the assistant store manager's employment. We agree.

"An employer may be held vicariously liable for the intentional tort of an agent if the tortious act or acts were committed within the scope of employment." *Worcester Ins. Co.* v. *Fells Acres Day Sch., Inc.,* 408 Mass. 393, 404 (1990). "[C]onduct of an agent is within the scope of employment if it is of the kind he is employed to perform . . .; if it occurs substantially within the authorized time and space limits . . .; and if it is motivated, at least in part, by a purpose to serve the employer . . . " (citations omitted). *Id.,* quoting *Wang Lab., Inc.* v. *Business Incentives, Inc.,* 398 Mass. 854, 859 (1986). Cf. *Kansallis Fin. Ltd.* v. *Fern,* 421 Mass. 659, 664, 669 (1996).

Here, the assistant store manager's conduct, as alleged, was not motivated by a purpose to serve the employer. We agree with the judge: "[T]here is no evidence that the defendants authorized or directed the [assistant store manager's] conduct or that his action was the kind of action that Purity Supreme employed him to perform." In a somewhat different context, this court concluded that an employee who sexually harassed a coemployee was not "furthering the interests of the employer." *O'Connell* v. *Chasdi,* 400 Mass. 686, 690 (1987). Similarly, rape and sexual assault of an employee do not serve the interests of the employer. Consequently, the plaintiffs have failed to allege facts that would show that the assistant store manager was acting within the scope of employment. Therefore, the judge was correct in granting summary judgment for the defendants on the false imprisonment count.[7]

---

[7]We also affirm the judge's grant of summary judgment on the plaintiffs' claim under G. L. c. 93A. See *Manning* v. *Zuckerman,* 388 Mass. 8, 15 (1983) (employment disputes not cognizable under c. 93A).

We therefore affirm the granting of summary judgment on all counts of the plaintiffs' complaint.

*So ordered.*