Welch, J.
Plaintiff Doreen F. Chalifour brought the present action against her former co-worker, defendant Christopher Schena, and her former employer, Twenty-Nine Middlesex Corp. (“Twenty-Nine Corp.”), seeking damages in assault, battery, infliction of emotional distress and negligence arising out of two alleged incidents of assault by Schena. Defendants move to dismiss Chalifour’s complaint for failure to state a claim arguing that her claims are barred by the exclusivity provision of the Worker’s Compensation Act. For the following reasons, defendants’ motion will be ALLOWED in part and DENIED in part.
BACKGROUND
The complaint alleges as follows.
Chalifour worked as a waitress at the “Roma” restaurant in Bradford, which is owned and operated by Twenty-Nine Corp. Schena held a supervisory position there. In September 1996, Schena, allegedly, approached Chalifour while brandishing a butcher knife and threatened to harm her because she “talked too much.” On October 15, 1996, Schena, allegedly, threw a hard ball of dish rags and rubber gloves at Chalifour’s face, causing her injury and pain. On several occasions prior to her injury, Chalifour did inform the Twenty-Nine Corp. that Schena was intimidating and “created a hostile, nefarious and emotional and psychologically dangerous environment . . .’’ All of these occasions occurred at the Roma restaurant while Chalifour and Schena were on duty.
DISCUSSION
G.L.c. 152, §24, provides that an employee “shall be held to have waived his right of action at common law ... in respect to any injury that is compensable under this chapter . . .” An injury is compensable under the Act if it ”aris[es] out of and in the course of’ the employment. G.L.c. 152, §26.
G.L.c. 152, §15, however, limits the bar to claims against the “insured person . . . and said insured person’s employees.” An “insured person” is defined as “an employer who has provided by insurance for the payment to his employees ... of the compensation provided for by this chapter . . .” G.L.c. 152, §1(7). An “employee” is defined as “every person in the service of another under any contract of hire, express or implied, oral or written . . .” G.L.c. 152, §1(4).
*242 In sum, a claim will be barred only if 1) it arises out of and in the course of the employment, and 2) it is asserted against the employer, or an employee of the employer. This two-prong test focuses both on the nature of the claim, a work related injury, and on the status of the defendant seeking protection, the employer or its employee. The test is appropriate as the Act was designed to accomplish the dual purpose of 1) ensuring the availability of funds to employees hurt on the job, and 2) protecting employers by limiting the amount of recovery to the amount of the insurance.
1. Claims against Twenty-Nine Corp.
Chalifour claims damages against Twenty-Nine Corp. for negligence and infliction of emotional distress arising out of its supervision and/or encouragement of Schena and its failure to provide proper medical treatment when she was injured. These claims are barred by G.L.c. 152, §24 if they 1) arise out of and in the course of the employment and 2) are asserted against the employer, or its employee.
Chalifour alleges that Twenty-Nine Corp. was her employer, and, accordingly, the second prong of the test is met. The court must, however, determine whether the injuries “arise out of and in the course of the employment.”
“An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects.” Doe v. Purity Supreme, Inc., 422 Mass. 563, 566 (1996) (citations omitted). In Doe, the court held that claims against an employer deriving from a rape committed by one employee against another employee, during work hours and on work premises, was barred by G.L.c. 152, §24 because it “arose out of the employment within the meaning of the statute.”[1] In the instant case, plaintiff alleges that Schena assaulted her during work hours and on work premises. According to the holding in Doe, that assault “arose out of the employment.”
As these claims are asserted against the employer and the injury “arose out of the employment,” both prongs of the test are met, and Chalifour’s claims against Twenty-Nine Corp. are barred by G.L.c. 152, §24. Accordingly, defendants’ motion to dismiss as to counts III and v. will be allowed.
2. Claims against Schena.
Chalifour has asserted claims of assault, battery and infliction of emotional distress against Schena. These claims are barred under G.L.c. 152, §24 if they 1) arise out of and in the course of the employment and 2) are asserted against the employer, or its employee.
As noted above, the claims did “arise out of the employment.” This court, however, must determine whether the claims against Schena are claims against an employee of Twenty-Nine Corp.
Our appellate courts have developed a test to determine whether a person is an “employee,” and, thus, protected by the exclusivity provision of the Act. To be considered an “employee,” the conduct complained of must be within the scope of employment and in furtherance of the interests of the employer. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124-25 (1988); O’Connell v. Chasdi, 400 Mass. 686, 690 (1987); Fusaro v. Blakely, 40 Mass.App.Ct. 120, 123 (1996); Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377, 381 (1994). In O’Connell, the court held that claims for assault and batteiy and intentional infliction of emotional distress by an employee against a co-worker arising out of incidents of sexual harassment during a business trip were not within the scope of employment or in furtherance of the interests of the employer. O’Connell, supra at 690.
In the instant case, Chalifour claims that Schena threatened her with a knife and assaulted her with a ball of rags and rubber gloves. Consistent with the holding of O’Connell, these actions cannot be considered within the scope of Schena’s employment or in furtherance of the interests of Twenty-Nine Corp.[2] Although the injuries alleged in Counts I, II, and IV arose out of the employment, the claims are not against an “employee” of Twenty-Nine Corp. Accordingly, defendants’ motion to dismiss counts I, II, and IV will be denied.
ORDER
For the foregoing reasons, defendants’ motion to dismiss is ALLOWED as to counts III and v. of the complaint and DENIED as to counts I, II, and TV of the complaint.

Plaintiff seeks to distinguish Doe by arguing that the legislature had provided a separate remedy for sexual harassment in G.L.c. 151B, §4, and, accordingly, the court did not need to exempt such cases from the exclusivity provision of the Act. In discussing Doe’s subsidiary argument that public policy requires an exception from the exclusivity provision of the Act for sexual assault and harassment, the court did decline to “fashion” such an exception because the legislature had already addressed the issue in 151B, §4. Id. at 567. That discussion, however, was subsidiary to, and did not form a part of, the court’s primary holding that the rape arose out of the employment.

Defendants claim that Doe provides the proper test regardless of whether the defendant is the employer or a fellow employee, and that Doe dictates the opposite conclusion. Defendants also argue that, as Doe found rape to “arise out of the employment,” it overruled O'ConnelL Defendants are correct that the Doe standard determines whether an injury “arises out of the employment,” and the same standard applies in both the employee and the employer context. That determination, however, is only half the test for whether a defendant is protected by the exclusivity provision of the Act. Doe does not set forth a standard for determining whether the defendant is an “employee” of the insured. As Doe does not address the issue, it does not overrule O'Connell which was decided on that basis, nor does it govern this court’s determination of the issue.