Houston, J.
This is an action for gender and handicap discrimination brought against an employer under G.L.c. 15 IB and against a supervisor individually under G.L.c. 93 §102 and G.L.c. 12 §§11H-I. The plaintiff claims that she suffered damages as a result of several incidents of verbal harassment by her supervisor. The defendants all move to dismiss counts two and three of the plaintiffs amended complaint pursuant to Mass.R.Civ.P. 12 (b)(6). For the reasons herein cited, the motion is ALLOWED.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P 12(b)(6), this court accepts as true the well-pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on-any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint will not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass. App. Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176 (1985). All inferences are drawn in the plaintiffs favor. Ourfalian v. Aro Mfg. Co., Inc. 31 Mass. App. Ct. 294, 296 (1991).
Relief pursuant to G.L.c. 151B is an exclusive remedy for employment related discrimination.[2] When c. 151B is properly invoked, other statutory remedies are preempted. See e.g., Mouradian v. General Electric Co. 23 Mass. App. Ct. 538 (1987). The SJC has affirmed this theory of preemption in the case of Doe v. Purity, 422 Mass. 563 (1996), which allowed the dismissal of all claims against an individual employee in the same suit as a valid c. 151B claim was asserted against the corporation. The SJC based its reasoning in Doe on the reasoning of the slightly earlier case of Green v. Wyman-Gordon Co., 422 Mass. 551 (1996). Although the Green decision did not address the validity of bringing anti-discrimination claims against an employee individually, the SJC clearly expanded the Green holding to include individual employees by excluding claims for civil rights and equal protection asserted against the employee in the Doe decision. See Doe, supra.
In the case at bar, the plaintiff has properly asserted a c. 15IB claim against her employer. Therefore, other claims arising from the same transaction and occurrence against the individual defendants acting under the authority of the employer are barred. The plaintiff admitted in oral argument, and there has been no argument to the contrary, that Robert Hamilton was acting within the scope of his employment when the prohibited actions occurred. Since the c. 151B claim was effectively brought against the employer, the derivative statutory anti-discrimination claims are barred.

ORDER

For the foregoing reasons, the court ORDERS that the defendants’ motion to dismiss is ALLOWED.

G.L.c. 151B §9 provides; “(A]s to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive.”