Ball, J.
*613 INTRODUCTION
The plaintiff, Sandra Harriman (Harriman), at all relevant times a legal secretary at the law firm Riemer & Braunstein (R&B), brings this action alleging that she suffered sexual harassment at the hands of one Barnett, her supervising associate attorney at R&B. Based on this harassment the plaintiff asserts twelve counts: Count I — sexual harassment in violation of G.L.c. 151B, §3; Count II — retaliation in violation of G.L.c. 151B, §4(4); Count III — sexual harassment in violation of G.L.c. 214, §1C; Count IV, V — intentional and negligent infliction of emotional distress; Count VI, VII, VIII — negligent hiring, retention, and supervision of Barnett; Count IX — civil rights violation based on G.L.c. 12, §§11H-11I; Count X — assault and battery; Count XI — false imprisonment; Count XII — invasion of privacy. The matter is currently before the court on defendant R&B’s motion for summary judgment as to all remaining counts.[1]
BACKGROUND
The undisputed material facts are as follows. The plaintiff was hired as a secretary by Barry Altman, an associate at R&B, in April of 1990. R&B is a general practice law firm currently comprised of over fifty attorneys and approximately sixty-five other employees. Harriman was subsequently moved into a grouping where she and another secretary were assigned to three supervising attorneys. John Kuzenivich, Kevin Simard, and Harry Barnett (Barnett). At that time Harriman and Barnett were located only two doors away from each other. In the summer of 1991, R&B received several complaints from other secretaries regarding Barnett’s inappropriate and offensive conduct. Harriman also complained of Barnett’s behavior on a few occasions to her supervisor, Ms. Cheda. As a result of these complaints it was decided, on or about May 1992, that Harriman would no longer work with Barnett. The regrouping arrangement separating Barnett and Harriman went into effect on June 18, 1992. The regrouping did not alter their physical positions in relation to each other; that is, Harriman and Barnett remained two doors away from each other. Furthermore, despite the regrouping, the plaintiff contends that verbal sexual harassment continued until late April 1993.[2]
In July of 1992, additional complaints were reported by other employees of R&B regarding Barnett’s continuing sexually offensive behavior. As a result of these complaints, Barnett was reprimanded by a senior associate; he was eventually terminated on March 3, 1993. In February of 1993, Harriman was informed that her employment was to be terminated, but she was permitted to continue working until she found employment elsewhere. Harriman was terminated in August of 1993, despite the fact that she had not yet found other employment.
Harriman first visited the MCAD in April 1993. Thereafter, an MCAD staffer scheduled Harriman, who was unrepresented by counsel, for another appointment in May 1993. At that time, still unrepresented by counsel, Harriman provided information and was given forms to be completed regarding the offensive behavior of Barnett. Harriman was then told to return in September 1993. Harriman’s claim was subsequently filed with the MCAD on September 22, 1993. MCAD Commissioner Walker reviewed this matter in April 1995. In response to the defendant’s argument that the plaintiff had missed the six month filing deadline, he found that the doctrine of equitable tolling applied and that the plaintiffs claim should be considered to have been filed in April 1993. Therefore, according to the MCAD, Harriman filed within the MCAD’s six month statute of limitations established by G.L.c. 151B. This action was instituted on October 10, 1995.
DISCUSSION
The defendant argues that summary judgment must be granted because: 1) the statutory claims are barred by the exclusivity provision of G.L.c. 151B; 2) the common law claims are barred by the exclusivity provision of the Worker’s Compensation Act under G.L.c. 152; and 3) the remaining counts (Counts I and II) brought under G.L.c. 151B must be dismissed because the claims were not filed with the MCAD within the applicable six month statute of limitations. A motion for summary judgment should be allowed when, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Beal v. Board of Selectman of Hingham, 419 Mass. 535, 538 (1995).The 151B statute of limitations argument made by the defendant raises a jurisdictional question as to which the plaintiff has the burden of proof. A “party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [Mass.R.Civ.P.] 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Id.
1. G.L.c. 151B Exclusivity
The defendant, R&B, argues it should be granted summary judgment on the statutory counts of the complaint, namely Count III (sexual harassment in violation of G.L.c. 214, § 1C) and Count IX (civil rights violation based on G.L.c. 12, §§ 11H-111), because of the exclusivity provisions of G.L.c. 151B. The plaintiff concedes as much as to Count IX. Employees who are victims of sexual harassment by their employers or their employers’ agents have a remedy under G.L.c. 151B, §§4(16A), 5. Where G.L.c. 151B applies, it provides the exclusive statutory remedy for sexual harassment. Green v. Wyman-Gordon Co., 422 Mass. 551, 554-58 (1996); Doe v. Purity Supreme, Inc., 422 Mass. 563, 567 (1996). This is because General Laws *614 c. 151B, §9, in part provides: “[A]s to acts declared unlawful by Section four, the procedure provided in this chapter shall, while pending, be exclusive.” The Supreme Judicial Court has interpreted this exclusivity provision of G.L.c. 151B to preclude persons from recasting a discrimination claim as a violation of the equal rights act or the civil rights act. Green v. Wyman-Gordon Co., supra at 555. Therefore, the procedures and remedies under G.L.c. 151B are exclusive and bar the plaintiffs claims under G.L.c. 214, §1C and G.L.c. 12, §§11H-11I set forth in Counts III and IX.
2.Retaliation
The plaintiff claims in Count II that the defendants unlawfully terminated her employment in retaliation for her complaints of Barnett’s sexual harassment. The legislature recognized that a person who complains of discrimination risks retaliation and prohibited such conduct at G.L.c. 151B, §4(4).[3] While R&B suggested at oral argument that the retaliation claim should be dismissed because it was not part of the original MCAD filing,[4] or had been waived, it did not adequately address these claims in its memoranda or submissions nor do the plaintiffs submissions verify any waiver. Therefore, summary judgment premised on those grounds is denied as to Count II.
3.G.L.c. 152 (Workers’ Compensation Act) Exclusivity
A. Counts VI, VII, VIII
R&B moves for summary judgment on Count VI, VII, and VIII (negligent hiring, retention, and supervision), asserting that these common law claims are barred by the exclusivity provision of the Workers’ Compensation Act found at G.L.c. 152. Pursuant to G.L.c. 152, §24, “an employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction with respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right. . .’’ “Common law actions are barred only where: the plaintiff is shown to be an employee: his condition is shown to be a ‘personal injury’ within the meaning of the compensation act; and the injury is shown to have arisen ‘out of and in the course of . . . employment.’ ” Foley v. Polaroid Corporation, 381 Mass. 545, 548-49 (1980) (Foley I); Doe v. Purity Supreme, Inc., supra at 565. The “key to whether the Workmen’s Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of the defendant’s act which the plaintiff alleges to have been responsible for that injury.” Foley I, supra at 553. The Workers’ Compensation Act has been interpreted to encompass physical and mental injuries arising out of employment. Id., at 550. Here, the mental and physical harm alleged to have been suffered by Harriman and resulting from tort claims which arise out of R&B’s employment of Barnett (see Counts VI, VII, VIII) are of the sort compensable under G.L.c. 152 and arise out of the scope of her employment with R&B. Therefore, these claims are barred by the exclusivity provision of G.L.c. 152.[5]
B. False Imprisonment
In Count XI, Harriman seeks to recover for false imprisonment, arising out of Barnett’s conduct. The Supreme Judicial Court has held that claimants may bring common law claims against employers that are grounded in tort and contract principles established prior to the adoption of G.L.c. 151B. Corney v. Hill, 387 Mass. 11, 20 (1982). In order for such a claim to exist outside of the Worker’s Compensation Act too, there must be a harm of a different character than physical or mental injuries. See Green v. Wyman-Gordon Co., supra at 560-61; Foley I, supra at 551-53 together with Foley v. Polaroid Corporation, 400 Mass. 82, 93 (1987) (Foley II); and Madden’s Case, 222 Mass. 487, 492 (1916) (holding that claims for malicious prosecution, false imprisonment, invasion of privacy, alienation of affection, seduction, false arrest, and kindred tortious acts are not compensable under the Act). Based on this analysis, the false imprisonment claim is actionable at least as against Barnett because it survives both the G.L.c. 151B and c. 152 exclusivity analysis. However, the defendant employer here may not be found liable on the claim because an employer may only be held vicariously liable for an intentional tort of an agent “if the tortious act or acts were committed within the scope of employment.” Doe v. Purity Supreme, Inc., supra at 568 (1996) (quoting Worcester Ins. Co. v. Fells Acre Day School, Inc., 408 Mass. 393, 404 (1990)). The “conduct of an agent is within the scope of employment if it is of the kind she is employed to perform . . . ; [or] if the conduct is motivated, in part, by a purpose to serve the employer.” Doe, supra at 568 (quoting Wang Lab., Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986)). In the present case, the conduct alleged was not within the scope of Barnett’s employment with R&B because it was not motivated to benefit or serve R&B. Thus, as a matter of law, summary judgment is allowed as to Count XI.
4.G.L.c. 151B Limitation Period
The plaintiff having waived certain counts and this court having found that most remaining counts must fall due to the exclusivity provisions of G.L.c. 151B and G.L.c. 152 and other principles of tort law, what remains are Counts I and II both premised on G.L.c. 151B. R&B contends that these counts, too, must fail as Harriman did not timely file her complaint within the limitation period required by G.L.c. 151B. Before a party can resort to the courts, a complainant such as Harriman must file a complaint with the MCAD within the six month period of limitation established by G.L.c. 151B, §9. If an employee fails to so file, he or she “shall be held to have waived his right of action at common law or under the law of any other jurisdiction with respect to an injury that is compensable under *615 this chapter, to recover for personal injuries ...” G.L.c. 152, §24.
In this case, it is uncontested that Harriman did not file her MCAD complaint until September 1993, more than six months after Barnett’s termination. However. MCAD Commissioner Walker found, on April 13, 1995, that equitable tolling principles should apply since Harriman first inquired at the MCAD in April 1993, but was repeatedly told, in effect, to “come back later” by MCAD staffers. Commissioner Walker’s ruling operated to set a constructive filing date in April 1993. There is clear precedence for this analysis in the case law. Christo v. Edward G. Boyle Insurance Agency, Inc., 402 Mass. 815 (1988). In that case the Supreme Judicial Court vacated entry of summary judgment, holding that a genuine issue of material fact existed as to whether a plaintiff was entitled to equitable tolling of the six month MCAD filing period. Consequently, for the purpose of the instant motion for summary judgment, this court will assume that the effective date of the plaintiffs MCAD filing was April 1993.
The defendant here contends that summary judgment should enter even if the doctrine of equitable tolling applies because there is no evidence that an act of sexual harassment occurred within six months of April 1993. The plaintiff responds that harassing behavior did take place in that period and lends support to her argument by the submission of an affidavit in which she sets forth the details of that behavior and certain MCAD records. The defendant protests, and filed a motion to strike the plaintiffs affidavit, arguing that it may not be considered by the court since it “directly contradicts” her deposition testimony in an unpermitted attempt to “create" a material fact for summary judgment purposes. O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993). In addition, the defendant has moved to strike the unauthenticated MCAD records containing statements apparently made by the plaintiff. Moreover, the defendant argues that, even if the “new” allegations of harassing behavior are considered, they and other earlier described behavior by Barnett, occurring within six months of April 1993, are not actionable because they are simple statements and gestures that are no more than “crass garden-variety expletives” and vulgarity that does not constitute harassment. Prader v. Leading Edge, 39 Mass.App.Ct. 616, 619 (1996).
In the first place, this court finds that the motion to strike the purported MCAD records should be allowed, but I will deny the defendant’s motion to strike the plaintiffs affidavit. The Appeals Court in O’Brien v. Analog Devices, Inc. declined to consider a plaintiffs affidavit which contradicted earlier deposition testimony both because a party should not be allowed to create a disputed issue of fact simply by contradicting statements previously made under oath at a deposition, and because the new statement was “vague, nonspecific and general.” Id., at 906. In the present case. I will deny the motion to strike the plaintiffs affidavit which articulates specific allegations that are neither contradicted nor implicitly discredited in the transcript memorializing defense counsel’s artful deposition examination of the plaintiff. This court does not find the affidavit to be the sort of contrivance that the rule of O’Brien v. Analog Devices, Inc. is meant to foreclose.
Furthermore, this court finds that even though the alleged harassment occurring after June 18, 1992 may have been only verbal, and not actionable under the Prader rule, this behavior cannot be viewed apart from earlier conduct alleged. Even without considering the statements in the plaintiffs affidavit, and certainly when considering those statements, this court finds that statements and actions of Barnett within six months of the plaintiffs MCAD filing, when considered in the context of earlier acts alleged, could be found to be part of a “continuing violation” that could have created a hostile work environment necessary to a finding of actionable sexual harassment. Lynn Teachers Union v. MCAD, 406 Mass. 515, 522 (1990); see also Carter v. Commissioner of Correction, 43 Mass.App.Ct. 212, 220-222 (1997), and 804 Code Mass. Regs. §1.03(2). Based on these findings, the defendant’s Motion for Summary Judgment as to Count I and II is denied. The statute of limitations issue should be decided by a jury.
Lastly, the defendant argues that Counts I and II cannot survive because to prevail under G.L.c. 151B on these facts, the plaintiff must show that Barnett was in a supervisory position at R&B or that R&B had notice of Barnett’s sexual harassment. This argument fails at the summary judgment level. For the purposes of summary judgment, the defendant concedes that Barnett was the plaintiffs supervisor until June 18, 1992 when the regrouping of Harriman was finalized. Thereafter, there is at least a jury question as to whether R&B could be liable for failure to investigate the allegations of sexual harassment adequately. Collegetown v. MCAD, 400 Mass. 156, 167-68 (1987).
CONCLUSION
For the forgoing reasons this court ALLOWS the Defendant’s Motion to Strike Plaintiffs Appendix of Exhibits; DENIES the Defendant’s Motion to Strike the Plaintiffs Affidavit; ALLOWS summary judgment as to Counts III, VI, VII, VIII and XI; DISMISSES Counts IV, V, IX, X and XII; and DENIES summary judgment as to Counts I and II.

 The plaintiff, in light of recent decisions by the Supreme Judicial Court in Green v. Wyman-Gordon, Co., 422 Mass. 551 (1996), and Doe v. Purity Supreme, Inc., 429 Mass. 563 (1996), concedes that Counts IV and V (intentional and negligent infliction of emotional distress), Count IX (G.L.c. 12, §§11H-11I), and Count X (assault) are not actionable. Moreover, in addition to the above claims, the plaintiff has agreed to dismiss Count XII (invasion of privacy).

 In connection with proceedings instituted prior to the filing of this lawsuit, the Massachusetts Commission against Discrimination (MCAD) found Barnett’s sexual harassment of the plaintiff to have continued subsequent to the July 1992 regrouping.

 G.L.c. 151B, §(4) states, “It shall be unlawful practice: [f]or any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under Section five."

 See Carter v. Commissioner of Correction, et al., 43 Mass.App.Ct. 212, 218 (1997).

 These claims, which arise out of an employment relationship and which are merely “recast versions of (the plaintiffs) sexual harassment claims under c. 151B,” are also barred by the exclusivity provision of G.L.c. 151B, §9. Green v. Wyman-Gordon Co., supra at 558.