Sosman, J.
Plaintiff Susan Maltese has brought the present action complaining that she was sexually assaulted by her workplace supervisor, defendant Mukund Thacker. Her complaint seeks recovery for assault and battery and for violation of G.L.c. 214, §1C. Defendants have moved for summary judgment on all counts. For the following reasons, the motion is DENIED.
FACTS
Defendant Vasant Thacker is a physician practicing in Medford. Her husband, defendant Mukund Thac-ker, is the administrator of the medical office. Plaintiff Susan Maltese worked as a medical assistant, under the supervision of Mukund Thacker. At all times, Dr. Thacker’s office employed fewer than six employees.
Plaintiff alleges that she was sexually assaulted by Mukund Thacker while at work on June 30, 1995. Her summary of the incident is as follows:
He [Mukund Thacker] suddenly grabbed me and picked me up. He thrust his genitals into my groin and vaginal area. He picked me up again from behind and grabbed my chest and thrust his genitals into my buttocks. He pulled me by the arm into an adjacent room. There, he held me and told me he liked me and wanted to kiss me. I managed to get away after telling him to stop and went to the bathroom. I told Cheryl Berfield I was sick. I went home.
Plaintiff did not return to work after this alleged assault.
*502 Criminal charges for indecent assault and battery were brought against Mukund Thacker as a result of this incident. On December 1, 1995, Mukund Thacker admitted to facts sufficient for a finding of guilty. The present civil action was filed on July 1, 1996.
Discussion
I. Assault and battery
Defendants contend that plaintiffs assault and battery claim is barred by the exclusivity provision of the Workers’ Compensation Act. However, the act does not preclude “an action against a fellow employee who commits an intentional tort which was in no way within the scope of employment furthering the interests of the employer.” O’Connell v. Chasdi, 400 Mass. 686, 690 (1987). The alleged sexual assault on plaintiff was not in the scope of Mukund Thacker’s employment, nor did it even arguably further the interests of Dr. Vasant Thacker’s medical practice.
Defendants contend that O’Connell is distinguishable because the sexual assaults in that case occurred while the two employees were out of the office on a business trip. The court’s analysis in O’Connell did not hinge on the location where the assaults took place. The trips in question were undertaken in the .course of employment and in furtherance of the employer’s interests, thus bringing plaintiff within the ambit of the Workers’ Compensation Act for any injuries she sustained on those trips. The court held that an employee could be held liable for intentional torts against a fellow employee, notwithstanding the exclusivity provisions of the Workers’ Compensation Act. Where the tort is intentional and is not related to the interests of the employer, the employee/perpetrator remains liable. 400 Mass. at 690-91.
Defendants also contend that O’Connell has been effectively overruled by Doe v. Purity Supreme, Inc., 422 Mass. 563 (1996). In Doe, the Supreme Judicial Court held that an employee could not bring any common law tort claim against her employer for sexual assault occurring at the workplace, as such a claim was barred by the Workers’ Compensation Act. The court noted that the perpetrator was not a party to the case and that “the plaintiffs’ common law claims against him are unaffected by the decision in this case.” 422 Mass. at 565 n.5. Nothing in Doe altered an employee’s right to sue a fellow employee for intentional torts. Indeed, the Doe decision did not even cite O’Connell, let alone overrule it. O’Connell remains good law and clearly permits plaintiffs common law claim for assault and battery against defendant Mukund Thacker.
II. Statute of limitations
Defendants contend that plaintiffs claims under G.L.c. 214, §1C are barred by the statute of limitations. There is no statute of limitations set forth in §1C itself. Because this action is based on sexual harassment in the workplace that would, but for the size of Dr. Thacker’s office, be actionable under G.L.c. 151B, defendants argue that the court should apply the G.L.c. 151B six-month statute of limitations that governs the filing of administrative complaints with the MCAD. G.L.c. 151B, §5. Because of the small size of Dr. Thacker’s office, plaintiffs claim was not subject to the MCAD filing procedures, and the court sees no good reason why that extremely short administrative claim filing deadline should be imposed on a claim that is not subject to any administrative exhaustion requirement. [1] It makes more sense to apply the three-year statute of limitations that governs the filing of court actions under G.L.c. 15 IB, §9. That limitations period would also comport with the three-year statute of limitations for personal injury actions, as well as the three-year statute of limitations for civil rights actions set forth in G.L.c. 260, §5B.
in. Evidence of sexual harassment
Defendants argue that the single alleged incident at issue in this case is not sufficient to create “an intimidating, hostile, humiliating or sexually offensive work environment” and that it therefore can not amount to “sexual harassment” within the meaning of G.L.c. 214, §1C (which incorporates the G.L.c. 151B, §1(18) definition of “sexual harassment”). A single incident can, depending on the nature and severity of the conduct, constitute sexual harassment. See Gnerre v. Massachusetts Comm’n Against Discrimination, 402 Mass. 502, 507-09 (1988). Here, the alleged conduct involved forcible sexual contact. Plaintiff left the office immediately afterwards and never returned to her job. These facts are sufficient to make out a claim of sexual harassment.
IV. Notice to the employer
Defendant Vasant Thacker contends that she can not be held liable for the alleged sexual harassment because she was not notified “promptly” or given an opportunity to remedy the situation. Notice and an opportunity to remedy are not required. Employers are liable for sexual harassment perpetrated by supervisors on whom they have conferred authority. College-Town Division of Interco, Inc. v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156, 163-67 (1987).
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is DENIED.

On the facts of this case, the court also notes that plaintiffs allegation of sexual assault at her workplace was brought to defendants’ attention promptly by way of the criminal charges. Criminal charges from this incident were pressed immediately and were brought to a conclusion (an admission to sufficient facts) in less than six months from the date of the incident. Thus, defendants were well aware of plaintiffs allegations within the six-month period that would have applied to any administrative complaint of sexual harassment in the workplace.