Lauriat, J.
Wausau Insurance Companies (“Wausau”) has moved for summary judgment on its Complaint for Declaratory Judgment in this action, in which it seeks a determination that it has no obligation to defend or indemnify the defendants, Greene Systems, Inc. (“Greene”) and Eastern Acoustics Works (“EAW”), in an action filed in Worcester County Superior Court captioned The Travelers Indemnity Company et al. v. Eastern Acoustics Works, Inc. v. Greene Systems, Inc. and Kenneth F. Westling, Civil Action Docket No. 97-922-B. For the following reasons, Wausau’s summary judgment motion is denied. [1]
BACKGROUND
On October 9, 1996, Kenneth Westling (“Westling”), an employee of Greene, was on EAWs premises training EAW employees when he, along with three EAW employees, entered a spray paint booth on the premises and smoked a pipe filled with marijuana. When they were done smoking, Westling discarded the embers in a manner which resulted in a fire that caused three million dollars in damages to the premises.
On or about April 30, 1997, Travelers Indemnity Company/The Aetna Casualty and Surety Company, as subrogee of Whitinsville Redevelopment Trust (“WRTj, the owners of the premises where the fire occurred, along with others, filed an action in the Worcester County Superior Court against EAW for damages resulting from the fire (“the Travelers litigation”). On or about September 15, 1997, Continental Casualty, as subrogee of EAW, brought a separate action in the Worcester County Superior Court against WRT, Greene, Westling, and Just Fire Systems, alleging that EAW entered into the contract with Greene to provide employee training and that Westling, a Greene employee started the fire.
On or about April 28, 1999, Wausau, the insurer for Greene, filed a declaratory judgment action against EAW’s insurer, Continental Casualty, and WRT, Greene, Westling, and Just Fire Systems in the Middlesex County Superior Court, seeking a declaration that no coverage was available under the commercial general liability policy issued by Wausau to Greene because Westling was acting outside the scope of his employment. EAW was not a party to this action. On June 13, 2000, Superior Court Judge Diane Kottmyer determined and ordered that Wausau had “no obligation to defend, indemnify or otherwise compensate or provide benefits to any of the defendants, including Continental Casualty ... for claims arising out of or in any way related to the liability of Westling for the fire of October 9, 1996.”
On August 27, 1999, EAW filed a motion for summary judgment in the Travelers litigation in the Worcester County Superior Court. EAW asserted the same argument as Wausau, namely that Westling’s conduct was outside the scope of his employment. Superior Court Judge Timothy Hillman denied EAWs motion. On May 30, 2000, EAW brought a third-party claim against Greene in the Travelers litigation. EAW alleges that Westling was Greene’s employee and was only on EAWs premises because of Greene’s contract with EAW to train EAWs employees. Wausau, still acting as Greene’s insurer, has now come before this court to request another declaratory judgment that it is not obligated to defend or indemnify any of the defendants, including EAW and Greene, in the Travelers litigation.
*570 DISCUSSION
Summary judgment will be granted when there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles it to judgment in its favor as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991).
I.
Wausau seeks, by its present action, to avoid defending or indemnifying Greene in the Travelers litigation in the Worcester County Superior Court. Wausau asserts that, pursuant to its commercial general liability insurance policy, Greene is insured for “ ‘employees’. . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.” Wausau contends that smoking marijuana during work was not within the scope of Westling’s employment and, therefore, Wausau has no duty to defend or indemnify Greene.
An insurer has a duly to defend if the allegations in the complaint fall within the scope of its insurance policy. See New England Mutual Life Ins. Co. v. Liberty Mutual Ins. Co., 40 Mass.App.Ct. 722, 723 (1996). An act falls within the scope of an insurance policy when “an objectively reasonable insured, reading the relevant policy language, would expect to be covered.” Id. at 724. Based upon the language contained in the insurance policy, the court concludes that Greene would only be covered for conduct within the scope of Westling’s employment.
An employee’s conduct falls within the scope of his employment “if it is of a kind he is employed to perform . . .; if it occurs substantially within authorized time and space limits . . .; and if it is motivated, at least in part, by a purpose to serve the employer . . .” Doe v. Purity Supreme, Inc., 422 Mass. 563, 568 (1996), quoting Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 404 (1990). Moreover, “(i]f the employee’s acts are driven by purely personal purposes, unconnected in any way with the employer’s interests, then the employee is ordinarily acting outside the scope of his employment.” Kelly v. Middlesex Corp., 35 Mass.App.Ct. 30, 32 (1993), citing Pinshaw v. Metropolitan Dist. Commn., 402 Mass. 687, 694 (1988).
Wausau correctly asserts that, even though Westling was smoking marijuana while at work, and thus his conduct occurred within the time and space limits of his work, his conduct does not satisfy the other requirements, namely that his smoking marijuana was an act that he was employed to perform, and that his action was motivated, at least in part, by a purpose to serve his employer. Furthermore, EAW agrees that Westling’s action is outside the scope of his employment. However, summary judgment must still be denied in the present action.
II.
Wausau asserts that the issue of Westling’s conduct being outside the scope of employment has already been decided in the Middlesex County Superior Court, since Judge Kottmyer granted summary judgment for Wausau, and therefore, EAW is estopped from re-litigating the same issue. The doctrine of issue preclusion applies when a party wants to bar another party from re-litigating a matter that has been previously litigated by that same party or that party’s privies in another case that has proceeded to final judgment. See TLT Construction Corp. v. Anthony Tappe and Associates, 48 Mass.App.Ct. 1, 4-5 (1999). However, this is an equitable doctrine and the court has wide discretion in determining whether issue preclusion would be unjust. See Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 11 (1995). The Supreme Judicial Court list many factors for the court to consider; however, the factor pertinent to this case is that “the determination relied on as preclusive was itself inconsistent with another determination of the same issue.” Id.
In this case, a Middlesex County Superior Court judge concluded that smoking marijuana was outside the scope of Westling’s employment; yet, a Worcester County Superior Court judge denied a summary judgment motion which was based upon precisely the same facts and arguments that were presented to the judge in the Middlesex County case. Given this apparent inconsistency, this court concludes that it would be inequitable to grant summary judgment to Wausau in the present action.
ORDER
For the foregoing reasons, the Wausau Insurance Companies’ Motion for Summary Judgment is DENIED.

On January 30, 2002, Wausau filed a Stipulation of Dismissal of this action against defendant The Travelers Indemnity Company as Subrogee of Access TCA, Inc. and defendant Penn-America Group, Inc. as Subrogee of Jack and Janice Emott d/b/a Ironstone Warehouse. On May 10, 2002, Wausau filed a Stipulation of Dismissal of this action against the defendant The Travelers Indemnity Company/The Aetna Casualty and Surely Company as Subrogee of Whitinsville Redevelopment Trust.