Houston, J.
On January 24,2003, the plaintiff filed a two-count Complaint seeking monetary damages arising out of the Lahey Clinic’s allegedly unauthorized release of her medical records in December of 2001. Counts I and II claim that the Lahey Clinic invaded the plaintiffs privacy in violation of M.G.L. ch. 214, IB, and negligently failed to safeguard the confidentiality of her medical records, respectively. On March 26, 2004, the Lahey Clinic filed a motion for summary judgment on Counts I and II of the plaintiffs complaint, pursuant to Mass.R.Civ.P. 56(c). This matter is now before the Court. For the reasons that follow the Lahey Clinic’s Motion for summary judgment on Counts I and II is DENIED.

BACKGROUND

Christine Murray (“Christine”) received medical treatment at the Lahey Clinic (“Lahey”) between 1991 and 2000. Lahey is a medical facility in Burlington, Massachusetts. In December of 2001, Christine and five of her acquaintances and neighbors allegedly received packages in the mail containing Christine’s psychiatric and gynecological medical records from Lahey. Christine alleges that her ex-husband Theodore Murray, Sr. (“Theodore”), through his contacts with Lahey employees, obtained her medical records and distributed them to her acquaintances and neighbors. On December 30, 2004, Christine filed an Amended Complaint with claims against Theodore and John Doe (an unidentified Lahey employee). As a result of the alleged wrongful dissemination of her confidential medical records Christine alleges that she “has been greatly humiliated and embarrassed and suffered severe emotional and mental distress with physical symptoms.” Lahey has moved this Court to grant it summary judgment on Counts I and II based upon the theory that it will not be held vicariously liable for the intentional tort of their employee who, by improperly disseminating Christine’s medical records, was acting outside the scope of their employment.

DISCUSSION

I. LAHEY’S MOTION FOR SUMMARY JUDGMENT

Summary Judgment should only be granted if there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. Mass.R.Civ.P 56(c). Furthermore, all materials submitted for summary judgment must be viewed in a light most favorable to the non-movant. See, Blare v. Husky, 419 Mass. 437 (1995).
M.G.L. ch. 214, IB states, “A person shall have a right against unreasonable, substantial or serious interference with his privacy.” In Count I, the plaintiff claims that Lahey released her medical records in violation of M.G.L. ch. 214, IB. This claim is necessarily based upon the theory of respondeat superior as Lahey itself, as a hospital, did not release Christine’s medical records. For an employer to be held vicariously liable for the intentional tort of an agent, the tortous act must be committed within the scope of employment. See, Worcester Insurance Company v. Fells Acres Day School, 408 Mass. 393, 404 (1990). The test for determining the scope of employment was stated in Doe v. Purity Supreme, Inc., 422 Mass. 563, 568 (1996). The Court held, “the conduct of an agent is within the scope of employment if it is of the kind he is employed to perform, if it occurs substantially within the authorized time and space limits, and if it is motivated, at least in part, by a purpose to serve the employer.”
Lahey argues that because Christine never signed a release for her medical records to be distributed, whoever[1] distributed the medical records did so outside the scope of their employment as the distribution did not serve Lahey’s purposes. Although this argument is persuasive, it fails to establish that Lahey is entitled to a judgment as a matter of law.
For the purposes of summary judgment analysis all materials submitted must be viewed in the light most favorable to Christine. Laura Murray has stated in her Affidavit that she was not responsible for “disseminating Christine Murray’s medical records to a third party.” If this statement is taken as true, then the identity of the person who distributed Christine’s medical records is still unknown. Lahey seeks to narrowly define the type of employee “conduct” that serves their purposes by arguing that their purposes could only be served if Christine signed an authorization to release her medical records. In Hohenleitner v. Quorum Health Resources, Inc., 435 Mass. 424 (2001), the Court stated that, “Cases regarding employer responsibility for torts of its employees are fact specific.” Likewise, “the scope of employment rule” is easy to state, but *32 fraught with difficulty in application. Mass. Practice, Vol. 37A Tort Law 382. The scope of employment of the person who distributed the medical records is determined by what position they hold at Lahey and what their motivations for releasing the medical records were. Therefore, because there is a genuine issue concerning who distributed Christine’s medical records, it cannot be said that, as a matter of law, anyone who distributed the medical records was necessarily acting outside their scope of employment.
Furthermore, the unknown employee’s motivation need only be motivated “in part, by a purpose to serve the employer” for the distribution of Christine’s medical records to be within the scope of employment. See, Doe at 568. Thus, Lahey’s Motion for summary judgment on Count I must be denied.
In Count II Christine claims that Lahey’s negligent failure to maintain and safeguard the confidentiality of her medical records led to their dissemination. In her deposition Christine stated that she informed Stacey Slavkin, Ph.D., her psychiatric counselor at Lahey, that she feared Theodore would try to obtain her medical records. Likewise, in her deposition, Christine stated that Lahey should have known that Theodore might be able to obtain her medical records because of his “numerous” acquaintances at Lahey. Most importantly, Christine has submitted evidence that her medical records from the Lahey Clinic were distributed to her acquaintances and neighbors. If these statements and facts are taken as true, there are genuine issues concerning whether Lahey was negligent in failing to maintain and safeguard Christine’s medical records. Therefore, Lahey’s Motion for summary judgment on Count II must be denied.

ORDER

For the reasons stated above, the Lahey Clinic’s Motion for Summary Judgment on Counts I and II of the plaintiffs Complaint is DENIED.

 Lahey conducted an investigation into how the medical records were released and concluded that Laura Murray, the wife of Theodore Murray Sr.’s brother and an employee of Lahey who worked in the medical records department, was responsible for the unauthorized distribution of Christine’s medical records. Lahey terminated Laura Murray because of the incident.