NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-585

JOHN A. DESANTIS

vs.

QUIRK CARS, INC. & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, an employee and salesperson for the defendant car dealership, was injured at work due to an assault and battery committed upon him by his immediate supervisor.  In a verified complaint, the plaintiff brought a vicarious liability claim against the defendants concerning the supervisor's assault and battery.  The plaintiff also advanced a claim against the defendants for negligent supervision and hiring of the supervisor.[2]  On cross motions for summary judgment, a Superior Court judge ruled in favor of the defendants.  On appeal, the plaintiff claims the judge erred by concluding that the plaintiff's personal injury claims against

---

[1] Daniel J. Quirk.

[2] The plaintiff raises no issue on appeal relative to this claim.

his employer fell within the ambit of the exclusivity provision of the workers' compensation act, G. L. c. 152, § 24 (WCA). We conclude there was no error and affirm.

The exclusivity provision has been the cornerstone of the WCA, and it is very broad. "The Legislature has had opportunities to narrow its scope, and [it] has not done so." Berger v. H.P. Hood, Inc., 416 Mass. 652, 656 (1993), S.C., 424 Mass. 144 (1997).

> "While an employee need not forgo the right to bring common-law tort claims against [his] employer, and may instead waive any compensation payments under the act, an employee so choosing must notify the employer in writing, at the time of hire, that [he] does not waive the common-law right of action."

Estate of Moulton v. Puopolo, 467 Mass. 478, 483-484 (2014).[3] See G. L. c. 152, § 24. In other words, an employee's common-law action against his employer is barred where the plaintiff is shown to be an employee; his condition is shown to be a "personal injury" within the meaning of the WCA; and the injury is shown to have arisen "out of and in the course of . . . employment." Foley v. Polaroid Corp., 381 Mass. 545, 548-549 (1980) (Foley I), quoting G. L. c. 152, § 26. See Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 216 (1998) (WCA

---

[3] The plaintiff does not allege that he submitted a qualifying waiver.

2

provides employees injured on job exclusive remedy against employers).

Here, there is no dispute that the plaintiff was injured at work in the course of his employment. In support of their positions, both parties rely on Doe v. Purity Supreme, Inc., 422 Mass. 563 (1996). In Doe, the plaintiff was an employee who was raped at work by her supervisor, and sued her employer for negligence, assault and battery, intentional infliction of emotional distress, false imprisonment, and negligent infliction of emotional distress. Id. at 564-565. The court affirmed the motion judge's grant of summary judgment in the employer's favor on the negligence, assault and battery, and other related claims, because "injuries resulting from physical assaults by one employee on another are compensable" exclusively under the WCA. Id. at 565. See Zygmuntowicz v. American Steel & Wire Co. of N.J., 240 Mass. 421, 424 (1922) ("It is settled that injury caused by an assault upon an employee, which arises out of and in the course of his employment, falls within" the WCA).

The plaintiff maintains that his claim is one for vicarious liability or alter ego, which he asserts is not covered by the WCA's exclusivity provision. In support, as noted above, the plaintiff relies on Doe v. Purity Supreme, Inc., supra. However, the plaintiff reads Doe too broadly. While the court did discuss vicarious liability in Doe, it did so only as that

3

theory related to the plaintiff's claim for false imprisonment (and accompanying loss of consortium claims) which were not barred by the exclusivity provision of the WCA. Doe, 422 Mass. at 568. Here, the plaintiff's claim for the supervisor's assault and battery, as was Doe's claim for assault and battery, is barred by the exclusivity provision of the WCA. Id. at 565. See Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 124 (1988) (intentional torts covered by WCA, even when committed by coemployees); Dillon's Case, 324 Mass. 102, 106-107 (1949) (injuries resulting from physical assaults by one employee on another compensable under the WCA).

To the extent there exists any uncertainty about a vicarious liability exception to the WCA, the Supreme Judicial Court (SJC) laid it to the rest in Green v. Wyman-Gordon Co., 422 Mass. 551 (1996), which was decided the same day as Doe. In Green, the SJC held that a court need not consider whether "the employer was either directly or vicariously liable" if "the injuries would be compensable under the workers' compensation act." Id. at 559. This is because, to determine whether the WCA bars common-law claims, "we look at the nature of the claims, not the source of the injuries." Doe, 422 Mass. at 566. See Foley v. Polaroid Corp., 400 Mass. 82, 93 (1987) (Foley II). Accordingly, summary judgment properly entered for the

4

defendants.[4]

Judgment affirmed.

By the Court (Meade, Rubin &
  Blake, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  February 8, 2023.

---

[4] For the first time on appeal, the plaintiff claims that the broad scope of the WCA's exclusivity provision violated public policy.  As this claim was not raised in the Superior Court, we decline to entertain it.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  In any event, any change in the scope of the WCA for public policy reasons would be a matter to address to the Legislature.  See Berger, 416 Mass. at 656; Kniskern v. Melkonian, 68 Mass. App. Ct. 461, 465-466 (2007).

[5] The panelists are listed in order of seniority.